# *Ex parte* Marshall.

*Application for Mandamus to Probate Judge, on refusal of License for Retailing Spirituous Liquors.*

1. *License-tax, as revenue law, or police regulation.*—A revenue law, imposing a license-tax on an occupation or business in an incorporated city or town, for the benefit of the county, or other larger territorial district in which it is situated, is violative of that equality of taxation which is a fundamental, constitutional principle; but, as a police regulation, the price of such license may be graduated by the populousness of the community in which the privilege is to be exercised, and the profitableness of the business.

2. *Retailing spirituous liquors in Mobile; license for benefit of public schools.* The provision contained in the 4th section of the act approved January 16, 1854, entitled "An act to regulate the system of public schools in the county of Mobile" (Sess. Acts 1853-4, pp. 190-94), which authorizes and requires the probate judge of the county to collect "for the use of the Mobile school commissioners," among other license taxes, "to authorize the retailing of spirituous liquors in the city of Mobile, fifty dollars,"—is a police regulation, and not a revenue law; although the subsequent act of February 14, 1854, amending

said law (*Ib.* 235), declares that "the purpose of said act, in affixing rates of license, was not to authorize any of the employments," etc., "but to impose an additional tax thereon." (STONE, J., dissenting.)

APPEAL from the City Court of Mobile.

Heard before the Hon. O. J. SEMMES.

In the matter of the application of Edward S. Marshall, for a writ of *mandamus* to Hon. PRICE WILLIAMS, Jr., probate judge of Mobile, commanding him to issue to the petitioner " a State and county license to retail spirituous or vinous liquors," at a designated place within the limits of the former city of Mobile, during the year 1880. The petitioner alleged that, on the 24th January, 1880, he made application in due form to said probate judge for a retail license for the year 1880, stating the place at which he desired to carry on the business ; submitting at the same time the recommendation of ten householders and freeholders, as required by the statute, and the necessary affidavit, and tendering $188.35, as the price of the license ; and that the probate judge refused to grant him a license as prayed, unless he would pay $50 in addition, "which said probate judge claimed the right to collect for common school purposes of Mobile county," and which the petitioner insisted he was not bound to pay. Judge Williams based his refusal on his " construction of the law," and his decision was approved by Judge SEMMES, who refused to grant a *mandamus.* The petitioner prayed an appeal from his decision, and here assigns it as error. There is no statement of facts in the record, and the case involves only the construction and validity of the laws cited in the opinion of the court.

R. INGE SMITH, for the petitioner.

J. LITTLE SMITH, *contra.*

STONE, J.—My own opinion is, that a rule *nisi* should be awarded in this case. The taxes and assessments, authorized by the act " To regulate the system of public schools in the county of Mobile," approved January 16th, 1854, although some of them are laid on occupations usually assessed by licenses, are, nevertheless, simply taxes for revenue purposes.—Pamph. Acts 1853-4, page 190 ; *Ib.* 255. The purpose of each act was to aid in the support of common schools throughout the whole of Mobile county, the benefits of which are distributed and enjoyed throughout the county. Yet, in the 4th section, subdivision 3, of the act first named, it is provided, " The following license-taxes shall also be collected by the judge of probate of Mobile county, for the use of said

Mobile school commissioners :    *    *    to authorize the retail-ing of spirituous liquors in the city of Mobile, fifty dollars." This is a clear case of levying a tax from a limited area, the city of Mobile, to be used and disbursed in the maintenance of the common schools over a much larger area, the county of Mobile.   And, speaking of the levy of these license-taxes, in the act "To amend the school law of Mobile county," approved February 14th, 1854 (page 235), the legislature "declared, that the purpose of said act, in affixing rates of license, was not to authorize any of the employments, amuse-ments, games, sports, tables or alleys, but to impose an addi-tional tax thereon."   These extracts show clearly, to my mind, that the purpose of this levy was revenue—revenue for the support of the common-school system of Mobile county—and not a police regulation of the traffic in spiritu-ous liquors.   We have, then, the case of a tax levied on one community, for the benefit, not alone of that community, but for the common benefit of that and a much larger community, not similarly taxed.   It will not be denied that this extra license-tax, if its purpose be simply revenue, is violative of the fundamental, constitutional principle on which the right of taxation rests.—Cooley on Taxation, 128-9 ; *Ib.* 396 ; Bur-roughs on Taxation, 68 ; *Ib.* 392 ; *Durack's appeal*, 62 Penn. St. 491 ; *Washington Avenue*, 69 Penn. St. 352 ; *Lin Sing v. Wash-burn*, 20 Cal. 534.

My brothers, however, are of a different opinion.   They think the statute in hand is a police regulation, so far as it provides for a tax on licenses ; and inasmuch as the price of a license may be graduated by the populousness of the com-munity in which the privilege is to be exercised, and by the profitableness of the employments, amusements, games, &c., it authorizes, this assessment is not obnoxious to the objection that it is not levied equally throughout the taxable district. In *Holt v. School Commissioners*, 29 Ala. 451, the question arose under that clause of the act of January 16th, 1854, which levied an additional tax on licenses to retail spirituous liquors in the city of Mobile.   It was urged in that case, that the act of 1854, for violating which Holt was sued by the school commissioners, was repealed by the later statute of 1856.   This court affirmed the judgment in favor of the plaintiffs.   That case was argued by two eminent counsel, who, for many years, have held high rank among the distin-guished lawyers and jurists of this State.   If the extra tax on retailers, which we have been considering, is unconstitu-tional now, it was then.   If it had been then shown to be unconstitutional, that would have secured a reversal, and a failure of the suit.   Those able lawyers did not make the

[Board of Revenue v. Gas Light Co.]

point, nor was it considered by this court.   This, together with acquiescence in the statute for a quarter of a century, gives strength to the views of my brothers.

The present case has been well and ably argued, and has been the subject of full and free discussion.   I have no wish to elaborate my views, or to attempt to weaken the force of the argument in support of the validity of the tax.

The writ of *mandamus* is denied.