# Van Hook *v.* City of Selma.

*Prosecution for Violation of Municipal Ordinance.*

| 70 | 361 |
| 94 | 158 |

| 70 | 361 |
| 100 | 665 |
| 102 | 176 |

| 70 | 361 |
| 112 | 660 |

| 70 | 361 |
| 120 | 633 |

| 70 | 361 |
| 132 | 380 |

| 70 | 361 |
| 142 | 554 |
| 142 | 555 |

1. *License laws; validity of.*—The power of the State to authorize the license of all classes of trades and employments, can not be doubted; and there is just as little doubt of its power to delegate this right to municipal corporations, either for the purpose of revenue, or for that of taxation.

2. *License for police purposes, or for revenue.*—A grant of power to a municipal corporation, to license for police purposes merely, must be exercised as a means of regulation only, and can not be used as a source of revenue; but a license for regulation, in such sum as may be reasonably necessary to promote the legitimate objects of the police power (which includes the protection of the lives, health, and property of citizens, the preservation of public morals, and the maintenance of the peace and good order of the community), in the district in which the ordinance is designed to operate, will be held an exercise of police power, and not of the power of taxation.

3. *Amount of license, as affecting character of ordinance.*—In determining whether the ordinance is to be construed as an exercise of the police power, or of the power of taxation, the amount required as the price of a license is material; and it is material, also, in determining whether the ordinance is intended for regulation only, or is so exorbitant as to be prohibitory, and therefore *ultra vires*.

4. *Same.*—In the case of useful trades and employments, and *a fortiori* in other cases, the amount exacted for a license, in the exercise of a mere police power, designed for regulation only, is not to be confined to the expense of issuing it, but a reasonable compensation may be charged for the additional expense of municipal supervision over the particular business or vocation at the place where it is licensed; and the courts will not scrutinize the amount too narrowly, with the view of adjudging it a tax.

5. *Presumption in favor of municipal ordinance.*—When a question is raised as to the reasonableness of a municipal ordinance, having reference to a subject-matter which is within the corporate jurisdiction, it will be presumed to be reasonable, unless the contrary appears on the face of the law itself, or is established by proper evidence.

6. *Grant of power to municipal corporation to exercise police powers*

[Van Hook v. City of Selma.]

*outside of corporate limits.*—The legislature may grant to a municipal corporation the power to enact ordinances, for police powers merely, operating beyond the corporate limits.

7. *Ordinance of city of Selma, imposing $10 license for selling goods, wares, and merchandise.*—Under the principles above declared, the ordinance of the city of Selma, requiring a license of ten dollars to be paid by all persons engaged in selling goods, wares and merchandise, within the limits of the territory over which jurisdiction is given to the corporate authorities for police purposes, is a valid exercise of that power.

APPEAL from the Circuit Court of Dallas.
Tried before the Hon. JOHN MOORE.

S. W. JOHN, for the appellant.—The grant of power to the corporate authorities of the city ef Selma, by the first section of the act amending the charter of the city, was of "all the police powers and jurisdiction conferred by the charter," outside of the city, "for regulating and licensing the sale of goods," &c. This is a grant of police power only, and is to be distinguished from the taxing power, or power to grant licenses for the purpose of raising revenue. The distinction between the two powers is well recognized, and the grant of one does not include the other.—1 Dillon Mun. Corp. § 291; *Ib.* § 609; 33 N. J. Law, 280; *License cases,* 5 Wallace, 471–2; Cooley's Const. Lim. 201. The ordinance in this case, under which the proceeding was instituted, imposes a license, or tax, upon persons engaged in various kinds of business in the designated territory, outside of the corporate limits, varying in amount from $5 to $150; and shows on its face that its object and purpose are to raise revenue for the city. As a law for raising revenue, or imposing taxes, outside of the city, for the benefit of the city, it is not within the legislative grant of power, and is an unlawful appropriation of private property to public uses.—Cooley's Const. Lim. 494–5, and authorities cited in note; 1 Dillon M. C. § 93; *Cheeney v. Hoover,* 9 B. Monroe, 345; *Covington v. Southgate,* 15 B. Monroe, 498; *Wells v. Weston,* 22 Mo. 384–90; *Hammett v. Philadelphia,* 65 Penn. St. Rep. If there is a reasonable doubt as to the existence of the power, it must be resolved against the corporation.—1 Dillon, § 55; Cooley, 395.

JNO. P. TILLMAN, *contra.*—The act amending the charter of the city of Selma, and granting to it police power and jurisdiction within a specified territory outside of the limits of the city, is a valid exercise of legislative power.—*Falmouth v. Watson,* 5 Bush, Ky. 660; *Mason v. Lancaster,* 4 *Ib.* 406; Dillon on Mun. Corp. § 609, note. The ordinance under which this proceeding was instituted, though it may incidentally increase the revenues of the city, is a legitimate exercise of the police power and jurisdiction with which the city is clothed.

[Van Hook v. City of Selma.]

*Tenney v. Lenz*, 16 Wisc. 566; *Carter v. Dow, Ib.* 298; *State v. Herod*, 29 Iowa, 123; *Hodges v. Mayor*, 2 Humph. (Tenn.) 61.

SOMERVILLE, J.—Section 1 of an act of the General Assembly, approved February 12, 1879, so amends the charter of the city of Selma, as to authorize its corporate authorities "to have and exercise all the *police* powers and jurisdiction, conferred by the charter of the city," within a specified territory, adjoining and *outside* of the city limits.—Acts 1878–79, pp. 454–5. And it is provided, in the same section, that these powers are conferred, among other purposes, "for *regulating and licensing* the sale of  *  *  goods, wares and merchandise.*"—*Ib.*

An ordinance was passed, requiring a license of *ten dollars* to be paid, by all persons engaged in selling goods, wares and merchandise; and, on prosecution instituted against the appellant, he was convicted of a violation of this ordinance, and fined in the sum of ten dollars by the mayor's court. On appeal to the Circuit Court of Dallas county, this judgment of conviction was sustained; and, thereupon, an appeal was taken to this court.

The question presented for our consideration is the validity of the ordinance exacting this license.

The power of the State to authorize the license of all classes of trades and employments cannot be doubted. And there is just as little doubt of the power to delegate this right to municipalities, either for the purpose of revenue, or that of regulation.—*Ex parte City Council, in re Knox*, 64 Ala. 463; Cooley on Const. Lim. 581.

The right here conferred is, to regulate and license for *police* purposes merely; and the power to license for the purpose of *revenue* is not to be inferred. It is, indeed, excluded by the clearest implication.—2 Dillon Mun. Corp. § 768. It seems well settled by authority, that the power to license, if granted as a police power, must be exercised as a means of regulation only, and cannot be used as a source of revenue.—*R. R. Co. v. Hoboken*, 41 N. J. (Law), 71; *Mayor v. R. R. Co.*, 32 N. Y. 261; 1 Dill. Mun. Corp. § 359, *note* 1.

The police power has been held to embrace the protection of the lives, health, and property of the citizens, the maintenance of good order and quiet of the community, and the preservation of the public morals.—*Beer Co. v. Massachusetts*, 97 U. S. 25; *Thorpe v. R. R. Co.*, 27 Vt. 149.

A license for regulation, therefore, in such sum as may be reasonably necessary to promote these objects, in the district where the ordinance imposing it is designed to operate, may

[Van Hook v. City of Selma.]

be construed to be the exercise of the *police* power, and not of the power of *taxation.*—2 Dillon Mun. Corp. § 768.

In determining this question, the amount of the license may be regarded, inasmuch as an unreasonably exorbitant exaction would be prohibitory, and not regulative, and for this reason *ultra vires*, as an exercise of the authority conferred by the city charter.—*Ex parte Burnett*, 30 Ala. 461, 467. So, the amount would be pertinent, in determining whether the license was one for regulation merely, or for revenue.— *Youngblood v. Sexton* (32 Mich. 406), 20 Amer. Rep. 654; 1 Dill. Mun. Corp. § 357, note 2.

Where police regulation alone is the object of a license, there is a conflict among the authorities, as to the rule governing the amount that may be charged for such license. The nature of the occupation, trade or profession, authorized to be licensed, has, of necessity, much to do with it. In the case of such as are useful and beneficial to the community, the license charged should not, ordinarily, be so great as in case of those not useful or beneficial, especially when immoral in their nature or tendency.—Cooley on Tax. 396–7; 1 Dill. Corp. § 357. The amount may, also, be graduated according to the populousness of the city or community in which the privilege is to be exercised.—*Ex parte Marshall*, 64 Ala. 266. There are authorities holding that, if the sum required for such license exceeds the expense of issuing it, the act transcends the licensing power, and imposes a *tax;* at least, in the case of useful trades and employments. It is said in Dillon on Municipal Corporations, that as an exercise of police power in such cases, "a reasonable fee for the license and the labor attending its issue may be charged."—1 *Ib.* § 357, (3d Ed.) Cooley, in his work on Constitutional Limitations, states the principle as follows: "A right to license an employment does not imply a right to charge a license fee therefor with a view to revenue, unless such seems to be the manifest purpose of the power; but the authority of the corporation will be limited to such a charge for the license as will cover the necessary expenses of issuing it, *and the additional labor of officers, and other expenses thereby imposed.*" Cooley Const. Lim. (4th Ed.) p. 245 [201]. Very certain it is, that the courts ought not to scrutinize the amount of the license too narrowly, with the view of adjudging it a tax, where it does not appear to be unreasonable in amount as a mere regulation.—*Ib.* p. 246 [202], note 1, and authorities cited.

We declare the true rule to be, in the case of useful trades and employments, and *a fortiori* in other cases, that, as an exercise of police power merely, the amount exacted for a license, though designed for regulation and not for revenue, is not to be confined to the expense of issuing it; but that a reasonable

[Edwards, Hudmon & Co. v. Whyte & Hull.]

compensation may be charged for the additional expense of municipal supervision over the particular business or vocation, at the place where it is licensed. For this purpose, the services of officers may be required, and incidental expenses may be otherwise incurred in the faithful enforcement of such police inspection or superintendence.—*Ash v. People*, 11 Mich. 347; *Carter v. Dow*, 16 Wis. 298; *Tenney v. Lenz*, 16 Wis. 566; *State v. Herod*, 29 Iowa, 123; Cooley on Const. Lim. (4th Ed.) 245 [201], and note 1 on p. 246, with cases cited; *Ex parte Marshall*, 64 Ala. 266.

The rule further applies here, that, when the question as to the reasonableness of a municipal by-law or city ordinance is raised, and it has reference to a subject-matter within the corporate jurisdiction, it will be presumed to be reasonable, unless the contrary appears on the face of the law itself, or is established by proper evidence.—*Commonwealth v. Patch*, 97 Mass. 221; *St. Louis v. Weber*, 44 Mo. 550. Under these principles, we cannot judicially know that the amount of the license exacted of the appellant in this case, which was the sum of ten dollars, was unreasonable. The contrary is presumptively true.

We do not think there is any question of the power of the General Assembly to pass an act of this character, extending, for police purposes merely, the limits of a municipality, and conferring power on the city authorities to pass by-laws operating for such purpose beyond the corporate limits.—*Chicago Co. v. Chicago*, 88 Ill. 221. The special constitutional provisions in reference to taxation have no reference to license taxes. *Ex parte City Council, in re Knox*, 64 Ala. 463; 1 Dillon Mun. Corp. § 358, *note* 1. And, in the absence of some constitutional inhibition, State or Federal, the power of the General Assembly, in matters of a purely legislative character, is without limitation.—*Davis v. State*, at the last term; *Dorman v. State*, 34 Ala. 216.

The charge of the Circuit Court was in accordance with these views, and its judgment is affirmed.