(97 South. 145)

### McLENDON et al. v. KERR et al.
### (6 Div. 891.)

(Supreme Court of Alabama.    June 30, 1923.)

1. Licenses ⬤⟶6(12), 7(1)—City. may impose additional license fee on jitney business for expense of supervision, to be paid directly to supervising officer, and not to municipality.

A municipality, in addition to the regular license fee for revenue·purposes on jitney or motor busses, may, in the exercise of its police power, impose an additional license. fee of a reasonable compensation for the expense of regulation and supervision only, and the fact that the compensation of the officer appointed to exercise superintendence and inspection is required to be paid to the officer by the jitney owners, instead of to the municipality, does not invalidate the ordinance.

2. Evidence ⬤⟶18 — Court cannot take judicial notice that license fee of 25 cents per day on each jitney bus is unreasonable.

The court cannot judicially know that a license fee of 25 cents for each jitney bus per day for inspection and superintendence provided for in a city ordinance is unreasonable.

Appeal from Circuit Court, Jefferson County; Roger Snyder, Judge.

Bill for injunction by Lula J. Kerr and others against D. E. McLendon and others, as City Commissioners and officials of the City of Birmingham. - From a decree overruling motion to dissolve temporary injunction, defendants appeal. Reversed and remanded.

W. J. Wynn and W. A. Jenkins, both of Birmingham, for appellants.

The city authorities have power to prescribe the conditions under which use of the streets may be enjoyed. Montgomery v. Orpheum Taxi Co., 203 Ala. 103, 82 South. 117; Giglio v. Barrett, 207 Ala. 278, 92 South. 668; Const. 1901, § 220.    The city of Birmingham is expressly authorized by statute to enact the regulation attacked. Code 1907, § 1340; Montgomery v. Orpheum Taxi Co., supra; Lindsay v. Mayor, etc., 104 Ala. 257, 16 South. 545, 27 L. R. A. 436, 53 Am. St. Rep. 44. The courts will presume municipal ordinances to be reasonable, and the burden is on the attacking party to show unreasonableness or unconstitutionality. Sloss S. S. & I. Co. v. Smith, 175 Ala. 260, 57 South. 29; Dreyfus v. Montgomery, 4 Ala. App. 270, 58 South. 732; Miller v. Birmingham, 151 Ala. 469, 44 South. 388, 125 Am. St. Rep. 31; Bryan v. Montgomery, 154 Ala. 447, 45 South. 922, 129 Am. St. Rep. 63. A license granted to conduct a business subject to the police power is a mere privilege, and not a contract. Lindsay v. Mayor, etc., 104 Ala. 257, 16 South. 545, 27 L. R. A. 436, 53 Am. St. Rep. 44; Berry on Autos

(3d Ed.) § 1517; Pub. Serv. Com. v. Booth, 170 App. Div. 590, 156 N. Y. Supp. 140; Nolen v. Reichman (D. C.) 225 Fed. 812.

Horace C. Alford, of Birmingham, for appellees.

A temporary injunction will not be dissolved, on motion of respondent, on an answer denying only a part of the facts on which the equity of the bill rests. Francis v. Gilreath Coal & Iron Co., 180 Ala. 338, 60 South. 919; C. & W. v. Witherow, 82 Ala. 190, 3 South. 23; Code 1907, §§ 4526, 4535. The fee exacted is unreasonable and cannot be enforced. Ward v. Markstein, 196 Ala. 209, 72 South. 41.

McCLELLAN, J.    Appellees filed the bill in this case against the city commissioners of the city of Birmingham and other city officials to enjoin the enforcement of a penal ordinance whereby the use and regulation of jitney or motor busses upon the streets of the city for hire is provided. A temporary injunction was granted appellees, and from the decree of the court overruling a motion to dissolve such injunction this appeal is taken.

[1] The provision of the ordinance complained of is as follows:

"(e) The commissioner of public safety shall designate a starter and inspector for each urban route as named and described in this section.    Such starters shall be clothed with the full authority of police officers of the city of Birmingham, and it shall be their duty to give traffic directions in regard to the conduct of the operators of jitney and motor busses on their respective routes, and to see that the persons operating motor busses thereon and the persons using the motor or jitney busses thereon comply with the provisions of this ordinance and the traffic ordinances of the city of Birmingham.    There is hereby imposed as an additional license for each person, firm, or corporation operating motor or jitney busses on either of said urban routes the sum of 25 cents per day for each car, which is hereby declared to be in addition to all other licenses or permit fees required by any other provision of this ordinance or any other ordinance of the city of Birmingham. It shall be the duty of the person proposing to operate a jitney or motor bus on either one of said urban routes on a given day, before he shall enter upon said route for the carriage of passengers, to pay the officer designated by the commissioner of public safety as starter for said route the sum of 25 cents per car, and unless said sum of 25 cents be paid it shall be unlawful to operate said jitney or motor bus on said route.    The sum so paid shall be retained by the person designated as starter as compensation for his services. But in the event no starter be on duty on any given day on a route, said sum shall not be due or payable."

The bill avers that appellees had paid all licenses, including city license for 1923, to

---

⬤⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

operate jitney or motor busses for hire upon certain streets of the city designated as the South Highland route; that on or about the 26th day of January, 1923, J. F. Dowie, representing himself to be a starter on said route, and having full authority to conduct the operation of appellees' cars on said route, demanded of appellees that they pay him the fee of 25 cents for each car before it could be operated on such route, as required by said ordinance. The bill avers that appellees refused to pay the fee demanded, and that they were threatened with arrest and prosecution and injury to property rights.

The power of the municipality to regulate and license the use of its streets by persons who operate vehicles thereon for hire is not questioned. It is contended by appellees that, having paid the license required by the city, for operation of jitney or motor busses along the designated route, for the year 1923, they cannot be required to pay the additional license, and, further, that the amount of 25 cents per day for each car is unreasonable; the question being the reasonableness of the amount exacted from appellees, and not of the daily wage of the starters.

The ordinance provides that it should be the duty of the starters to give traffic directions in regard to the conduct of the operators of jitney and motor busses upon their respective routes, and to see that persons operating them, and using them, complied with the provisions of the ordinance, and the traffic ordinances of the city of Birmingham. It is presumed that the office of starter or inspector was created by the city commission in the honest discharge of the statutory authority; but the ordinance itself contains regulations of such use of the city streets important not only for the protection of the public in such use, but also for the protection of those operating jitney or motor busses along the respective routes, which the starter or inspector is required to enforce. Section (b) of the ordinance provides that every jitney or motor bus shall bear in plain figures the serial number which such jitney or motor bus bears on the route, and that they shall traverse such route only in the order indicated by such number, unless the jitney or motor bus bearing the preceding number shall become disabled so as to prevent it pursuing the route in its regular capacity. Section (c) of the ordinance makes it unlawful to operate a jitney or motor bus except upon the route for which it is licensed; that it should be unlawful to operate a taxicab as a jitney or motor bus, or a motor bus or jitney as a taxicab; and that motor and jitney busses should be stopped to receive passengers only at the right-hand curb on the near side of each street intersection. Section (d) provides that every person operating a motor or jitney bus should maintain a regular schedule upon the route, and that it should be unlawful for any one person to act as chauffeur or driver of any jitney or motor bus for more than 12 in any 24 hours.

[2] It is obvious from the ordinance that the additional license required thereby to be paid to the starter or inspector was not imposed as a source of revenue, but in the exercise of the police power and as a means of regulation only. In such case the amount exacted for the license "is not to be confined to the expense of issuing it, but that a reasonable compensation may be charged for the additional expense of municipal supervision over the particular business or vocation, at the place where it is licensed. For this purpose the services of officers may be required, and incidental expenses may be otherwise incurred in the faithful enforcement of such police inspection or superintendence." Van Hook v. City of Selma, 70 Ala. 361, 45 Am. Rep. 85. In this case the services of an officer were required, as stated, not only for the protection of the public but for the protection of the operators paying a license for the use of the streets upon their respective routes. We cannot judicially know that the amount of 25 cents per car for each day, exacted from appellees for the inspection and superintendence provided for in the ordinance, is unreasonable.

The license to appellees to operate jitneys or motor busses along the designated routes was subject to the exercise of the police power conferred upon the municipality, and to the additional exaction of the expense of the exercise of such power. The fact that the compensation of the officer appointed to exercise the superintendence and inspection is required to be paid to, and to be retained by, him, instead of being paid to the municipality and by it paid to the officer, does not invalidate the ordinance.

For the reasons stated, the motion to dissolve the temporary injunction should have been granted.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.