175 So. 289

**ALABAMA POWER CO. v. CITY OF CARBON HILL.**

**6 Div. 127.**

Supreme Court of Alabama.

May 20, 1937.

Rehearing Denied June 28, 1937.

490

Arthur F. Fite, of Jasper, and Martin, Turner & McWhorter and J. C. Blakey, all of Birmingham, for appellant.

Chas. R. Wiggins, of Jasper, for appellee.

FOSTER, Justice.

The City of Carbon Hill, a municipal corporation, instituted this suit at law for the recovery of the sum of an annual charge under an ordinance for the transaction of business in the police jurisdiction of said city during the years 1932 to 1936, both inclusive, for an amount equal to 1 per cent. of the gross receipts of defendant from business done in the police jurisdiction of the city for the years preceding those above named, to wit, 1931 to 1935, inclusive. For those years appellant was doing business in the city limits, and had two large customers, coal mines, in the police jurisdiction, from whom .it collected an amount of approximately twice as much income as it did from its operations within the city, and paid the city 2 per cent. of the gross receipts from business done within the city, which is approximately equal to the amount here sued for of 1 per cent. of the gross receipts in the police jurisdiction.

The authority for the claim is an ordinance pursuant to an act of the Legislature approved September 6, 1927 (page 674), fixing a license for business done in the police jurisdiction at one-half the amount charged for like business done within the city; and fixing a license fee of 2 per cent. of the gross receipts from the business of operating an electric light or power business within the city. So that it results that the city claims 1 per cent. of the amount of gross receipts of such business in the police jurisdiction, having charged and collected 2 per cent. of the amount of gross receipts of such business done in the city.

Appellant claims, among other contentions, that the act of September 6, 1927, has ·no application here because of its proviso, that it shall not repeal or modify section 2162, Code, which fixes a limit of 2 per cent. of the gross receipts in the municipality which a city may charge a public utility. It is also claimed that section 2162, Code, does not authorize a city to charge a license in excess of that, regardless of the amount of its business in the police jurisdiction.

When that section is considered in connection with section 2173, Code, appellant would have stronger argument for the contention than now exists by virtue of section 24a of the Revenue Act of 1927, approved July 22, 1927 (page 166), which makes an enactment changing the law as declared in section 2162, Code, in respect to the matter on which appellant relies to support its argument. Section 24a, supra, does not refer to section 2162, Code, but repeals schedule 89, section 361 of the Revenue Act of 1919 (Gen. Acts 1919, p. 282). Section 2162 refers to that provision of that act for its authority. So that section 24a of the Revenue Act of 1927 clearly repeals by necessary implication, if not by express language, section 2162, Code.

The act of September 1927, supra, by referring to section 2162, Code, did not have the effect of re-enacting a law which had been repealed, and the substance of which was changed as then re-enacted. But

we think that its purpose was to save unaffected the law as thus modified and enacted in the general Revenue Act of 1927 (page 166). As thus modified, it cannot be construed as prohibiting a license on the business of a public utility in the police jurisdiction, which will exceed the limit of 2 per cent. on gross receipts from business conducted in the city, when otherwise authorized by law. So that the proviso in the act of September, 1927, does not serve to exclude the license charge here sought to be collected, but authorizes it by its terms, if otherwise legal, when considered in the light of section 24a of the Revenue Act of 1927. It serves to fix a maximum of one-half the amount charged as a license for a like business done within the corporate limits.

But the Legislature is without authority to extend to cities the right to make a license charge for conducting a business outside of its corporate limits for the general revenue of the city. White v. Decatur, 225 Ala. 646, 144 So. 873, 86 A. L.R. 914; Standard Chemical & Oil Co. v. Troy, 201 Ala. 89, 77 So. 383, 384, L.R. A.1918C, 522. But it may confer on cities the right to enact a license on such business located and conducted in their police jurisdiction as a reasonable and proper exercise of their right and duty to supervise them in that territory. Van Hook v. City of Selma, 70 Ala. 361, 45 Am.Rep. 85; 3 McQuillan on Municipal Corporations section 952. Mr. Dillon says, as quoted in the Troy Case, supra, that the police power which exists in that respect includes "the suppression of nuisances, the preservation of the public health, the prevention of fires, the regulation of trades and occupations and of the use and storage of dangerous articles, the establishment and control of markets, the suppression of disorderly conduct and breaches of the peace and other similar matters." No effort is made to limit such power by precise words.

Here appellant is conducting the same sort of business in general terms in the city limits, and without them, but in the limits of its police jurisdiction.

The agreed facts here assert that appellant during the years in question conducted in the city and police jurisdiction an electric public utility business "not harmful, hazardous, hurtful to public morals, productive of disorder, or injurious to the public. Neither the police, fire or other municipal authorities of plaintiff city have ever rendered or been called upon to render any service in connection with said business of defendant and plaintiff city has never incurred nor been subjected to any expense in connection with such business. The city of Carbon Hill during said period has rendered police protection and supervision beyond its corporate limits, and within its police jurisdiction, such police jurisdiction and supervision consisting of making arrests for violations of State laws and municipal ordinances, preventing breaches of the peace and maintaining law and order, such protection and supervision being rendered by its regular police officers, who performed the same services within the city limits. The cost to the city of issuing license to defendant for the years mentioned has been nominal."

It is also agreed that the appellant during those years made returns of receipts in the city, but not for business done within its police jurisdiction, and that the city accepted payment for doing a public utility business on that basis, and made no demand for payment on account of receipts in its police jurisdiction or for reports concerning same. It does not allege whether the city had notice of such service or not. But that may be fairly inferred on account on the conspicuous nature of the business as ordinarily conducted.

The right here in question can be used only as a means of regulation and not as a source of revenue. It may be "therefore, in such sum as may be reasonably necessary to promote these objects, in the district where the ordinance imposing it is designed to operate" in the exercise of the police power, but not for revenue. Van Hook v. City of Selma, supra; 3 McQuillan on Municipal Corporations § 1095 (995). The amount, as a general rule, cannot be more than is "reasonably necessary to cover the cost of granting the license and of exercising proper police regulation." 3 McQuillan on Municipal Corporations section 1102 (1002).

In this connection, the following is taken from Van Hook v. City of Selma, supra:

"Where police regulation alone is the object of a license, there is a conflict among the authorities, as to the rule governing the amount that may be charged for such license. The nature of the occupation, trade or profession, authorized to be licensed, has, of necessity, much to do with it. In the case of such as are useful and beneficial to the community, the license

charged should not, ordinarily, be so great as in case of those not useful or beneficial, especially when immoral in their nature or tendency.—Cooley on Tax 396–7; 1 Dill. Corp. § 357. The amount may, also, be graduated according to the populousness of the city or community in which the priv-. ilege is to be exercised. * * *

"We declare the true rule to be, in the case of useful trades and employments, and a fortiori in other cases, that, as an exercise of police power merely, the amount · exacted for a license, though designed for regulation and not for revenue, is not to be confined to the expense of issuing it; but that a reasonable compensation may be charged for the additional expense of municipal supervision over the particular business or vocation, at the place where it is licensed. For this purpose, the services of officers may be required, and incidental expenses may be otherwise incurred in the faithful enforcement of such police inspection or superintendence.—Ash v. People, 11 Mich. 347, 83 Am.Dec. 740; Carter v. Dow, 16 Wis. 298; Tenney v. Lenz, 16 Wis. 566; State v. Herod, 29 Iowa, 123; Cooley on Const. Lim. (4th Ed.) 245 [246] (201); and note 1 on p. 246, with cases cited; Ex parte Marshall, 64 Ala. 266."

■ When a city fixes the amount of a license charge for business conducted within its limits, it may include in a single sum an amount for revenue and an additional sum for police regulation. When the charge is made upon some useful occupation, business, or profession beneficial to the community, it is ordinarily said to be a revenue measure. "But where a money payment is exacted for the privilege of pursuing occupations, looked upon as more or less injurious to society or which require careful police supervision (as the liquor traffic, theaters, dance houses, certain kinds of amusements, as circuses and the like) or trades which may become detrimental to health or become public nuisances (as slaughter houses, bone and rendering factories, garbage reduction plants, .stone quarries, dairies and cow stables, laundries, wash houses, and dying establishments) this is usually designated a license tax levied by virtue of the police power." 3 McQuillan on Municipal Corporations, page 462, section 1091 (991).

We doubt not, however, that the license fee charged to the latter may also include an amount added for revenue. And in case · of the useful and harmless occupations an amount may be added for police supervision, such as the nature of the business requires. Van Hook v. City of Selma, supra; McLendon v. Kerr, 210 Ala. 110, 97 So. 145.

■ But when the power of ·a city is limited to a charge for police regulation, for it to fix a flat rate of one-half the sum charged that occupation in the city when it is a useful, and not harmful, business, and taxed primarily for revenue, would be to make the charge on a basis which includes revenue in violation of its authority. If the city is dealing with a business which is reasonably classed as inherently or potentially injurious to the sanitation, health, peace, and comfort of the inhabitants or conditions in it, and imposes a license charge for doing business in the city, primarily predicated on the ground that it is a police measure and reasonable when so considered, it may not be improper to fix as a charge on such a business in the police jurisdiction an amount reasonably proportionate to the charge on such a business in the city.

■ The police jurisdiction is usually not as populous as the city proper, and the same sort of business may not need as much supervision. But when a city is exercising a right to tax only for the police supervision of a class of business, that sort of business must be classified in accordance with its merit rating· in respect to the necessity for police supervision. When such is the basis on which the power must be exercised, it is not due process to predicate it on some other basis.· Railroad Retirement Board v. Alton R. Co., 295 U.S. 330, 55 S.Ct. 758, 79 L.Ed. 1468; Mountain Timber Co. v. Washington, 243 U.S. 219, 37 S.Ct. 260, 61 L.Ed. 685, Ann.Cas.1917D, 642. The requirement for a rating on its tendency to police need does not exist when the exaction is for revenue. And when it is a revenue exaction the power of the courts is much more restricted. Williams v. Talladega, 164 Ala. 633, 51 So. 330; Troy v. Western Union Tel. Co., 164 Ala. 482, 51 So. 523, 27 L.R.A.(N.S.) 627; 13 Alabama Digest, Licenses, p. 705, ☞ 7 (9); Van Hook v. City of Selma, supra.

It may be that an electric utility has some tendency toward a need for police supervision, though the agreed facts show that it has never called into use such power in respect to this situation. But assuming that to be true, it is certainly not on a

parity with the power to tax it for revenue. If the 2 per cent. charge in a city has any relation whatever to police supervision, it cannot with any reasonable analysis be said to be responsible for half of the charge. But if it were, then there would be as much charge for supervision without as within the city, which is contrary to the spirit of the authority conferred, since the amount of the charge for police supervision is affected by the populousness of the community. Van Hook v. City of Selma, supra.

■ But all other questions aside, the amount of the tax as a police measure may be so much out of proportion to what is reasonable in relation to appellant's business, as to show that it is a subterfuge to raise revenue. Here it is agreed that no extra expense has been incurred for police supervision or any police purpose due to appellant's business. And no such service has been rendered on that account. But the amount exacted is the maximum and equal in amount to that charged to raise revenue fixed by its operations in the city. When the business is useful, and not hurtful, and no provision for inspection or regulation is made or needed, a charge out of proportion to the expense involved is generally regarded as a revenue measure. 37 Corpus Juris 191.

Such is shown by the facts of the instant case. The charge has the earmark of a revenue measure. Although the ordinance has been in effect during the operations of this appellant for the years in question, the city commission did not seek to enforce it, as now claimed, made no demand for a report of appellant's receipts in the police jurisdiction or for a license charge by reason of such operations.

We do not say that city is thereby estopped (Birmingham v. Birmingham Water Works Co., 139 Ala. 531, 36 So. 614, 101 Am.St.Rep. 49; 3 McQuillan on Municipal Corporations 1093 [993]); nor do we think it necessary to give attention to the argument that section 7 of the ordinance affords such judicial process as to establish appellant's rights under the principle declared in Anniston City Land Co. v. State, 185 Ala. 482, 64 So. 110. That section provides the method of settling disputes as to the amount of gross receipts, not here pursued. But such attitude of the city commission may have been occasioned by a consciousness that it ought not to be enforced because it violates appellant's

rights, which we have discussed, and has a tendency to show that such was the view of the city commission during those years, or that it did not need the funds for police purposes in that area.

■ We think that it results as a fair analysis of the situation that in levying the charge here in question the city commission has not undertaken to classify businesses in the police jurisdiction for fees exacted as a police measure on a basis of the contribution of each class to the need of police service, but on the basis of the charge for such business in the city limits, though the latter may be, and we think as to appellant's business is, largely a revenue measure, and that it is without the power of the city thus to proceed. Each kind of business in the police jurisdiction must be classified for license charge upon its tendency to create a need for police supervision, not to exceed in amount one-half the license fixed on the same sort of business done in the city, nor to exceed a reasonable charge predicated on its merit rating in that respect.

It therefore follows that the judgment of the circuit court is reversed, and one is here rendered discharging appellant from liability.

Reversed and rendered.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.