44 So.2d 20

### LOWRY v. NOBLES.
### 4 Div. 104.

Court of Appeals of Alabama.
Jan. 24, 1950.

E. O. Baldwin, of Andalusia, for appellant.

100

Jas. M. Prestwood, of Andalusia, for appellee.

CARR, Judge.

Marcus Nobles, a minor, by his next friend brought suit to recover personal injury damages sustained by the minor while he was riding as a passenger for hire in an automobile.

According to the averments of the complaint the automobile in question was being operated by an agent or servant of the defendant at the time it was in a collision with another car.

In the court below there was a verdict and judgment in favor of the plaintiff.

All of the assignments of error are grouped in argument in brief of appellant's counsel, and kindred questions are not presented in this grouping. Under these circumstances, if one of the assignments is without merit, a consideration of the others may be pretermitted. Buffalo Rock Co. v. Davis, 228 Ala. 603, 154 So. 556; Moseley v. Alabama Power Co., 246 Ala. 416, 21 So. 2d 305; Christ v. Spizman, 33 Ala.App. 586, 35 So.2d 568; Ray v. Terry et al., 32 Ala.App. 582, 28 So.2d 916.

The question that is urged most cogently in brief of counsel and oral argument is the action of the court in refusing the general affirmative charge in defendant's behalf.

This argument is based primarily on the position that the proof fails to sufficiently establish the essential relationship of principal and agent between the driver of the car, in which the appellee was riding, and the defendant.

It is without dispute in the evidence that the driver of the car was the seventeen year old son of the defendant. The son lived with his father and used the automobile for the purpose of transportation from his home to school and return.

It appears that several boys and girls, including the injured party, rode with young Lowry on some of these trips. On the occasion of the collision the party was returning from school.

There was ample evidence from which the jury could have reasonably inferred that the automobile which was driv-

en by young Lowry was, in fact, the property of the defendant.

Proof that the appellant owned the car raised an administrative presumption that his son, the driver, was appellant's agent and was acting in the scope and line of his agency at the time the injury occurred. Chandler v. Owens et al., 235 Ala. 356, 179 So. 256; Craft v. Koonce et al., 237 Ala. 552, 187 So. 730; Rogers v. Hughes, 252 Ala. 72, 39 So.2d 578; United Wholesale Grocery Co. v. Minge Floral Co., 25 Ala. App. 153, 142 So. 586; Deaton Truck Line, Inc., v. Tillman, 33 Ala.App. 143, 30 So.2d 584.

In this state of the record the propriety of giving or refusing the general affirmative charge for the defendant has been stated by our Supreme Court as follows:

"This is a procedural expedient and takes the place of evidence respecting matter peculiarly known to defendants, but necessary to sustain plaintiff's cause of action, and is distinguishable from an inference of fact properly deducible from what is proven. When plaintiff proves such ownership of the car by defendant, and thereby brings into being the presumption to which we have referred, he need not offer further proof that the operator of the car was the agent of defendant, and in the line and scope of his authority, until and unless defendant has offered proof that he was not acting for defendant in the line and scope of his authority. And if defendant makes that proof and it is not contradicted, either expressly or inferentially, defendant is entitled to the affirmative charge. But if there is any evidence which reflects upon the credibility of that evidence by defendant on that question, or from which an inference may be drawn to a different result, whether such evidence was produced by defendant or plaintiff, the question of whether the operator of the car was defendant's agent acting in the line and scope of his authority should be submitted to the jury." Craft v. Koonce et al., supra [237 Ala. 552, 187 So. 731].

See also, Grimes v. Fulmer, 235 Ala. 645, 180 So. 321; Perfection Mattress & Spring Co. v. Windham, 236 Ala. 239, 182 So. 6; Western Union Tel. Co. v. Gorman, 237 Ala. 146, 185 So. 743; Mobile Pure Milk Co. v. Coleman, 230 Ala. 432, 161 So. 829; Alabama Elec. Coop. v. Free, 34 Ala.App. 425, 40 So.2d 632.

The evidence in the case at bar presents a disputed factual issue as to whether or not the driver of the car was acting as the agent of the defendant and in the line and scope of his authority at the time of the complaining injury.

We will not attempt to detail the tendencies of all the evidence in this aspect.

As we have stated hereinabove, the driver of the automobile was a minor living with his father. The appellant was discharging his parental duty in sending his son to school.

The appellant's son testified that some of the passengers paid him for their transportation, but he stated that the injured boy had not.

The latter testified that on the occasion of the collision he was riding his sixth time as one of the passengers in the car and that he had agreed with appellant's son to pay "what was right for the privilege of riding the car."

The evidence discloses, also, that a part of the money which had been collected for transportation went to purchase gasoline for the operation of the automobile.

In addition there was evidence that the appellant made admission after the collision. These statements tended to show agency as alleged in the complaint.

In reviewing the question of instant concern we must take the evidence relating to the matter of agency in its most favorable aspect for the appellee. Alabama Power Co. v. Buck, 250 Ala. 618, 35 So.2d 355.

We are clear to the conclusion that the appellant was not due the general affirmative charge. McMillan v. Aiken, 205 Ala. 35, 88 So. 135.

The judgment below is ordered affirmed.

Affirmed.