72 So.2d 125

**ROBINSON**

v.

**CITY OF SYLACAUGA.**

7 Div. 280.

Court of Appeals of Alabama.

April 20, 1954.

Thos. Reuben Bell, Sylacauga, for appellant.

Stringer & Montgomery, Talladega, for appellee.

CARR, Presiding Judge.

This cause originated in the Recorder's Court of the City of Sylacauga, Alabama, in which the defendant, W. G. Robinson, was convicted for the violation of an ordinance of said city. An appeal to the circuit court resulted in a trial and judgment of conviction.

In pertinent parts the ordinance provides that each vendor of gasoline within the corporate limits or police jurisdiction of the city shall file, on or before the 10th of each month, with the city clerk a sworn statement of the amount of gasoline sold and delivered by him during the month just preceding.

The ordinance provides further that on the basis of this sworn statement the seller within the corporate limits shall pay a license tax equal to one cent on each and every gallon of gasoline sold by him, and each seller without the corporate limits but within the police jurisdiction of the city shall pay a license tax of one-half of one cent on each and every gallon of gasoline sold by him.

Without dispute in the evidence the appellant came within the last indicated group and did not comply with the ordinance requirements.

In the circuit court the city filed a complaint consisting of two counts. Count one is based on the failure to file the monthly statement, and the second count complains of a failure or refusal to pay the tax.

The court, sitting without a jury, found the defendant guilty under count one of the complaint.

■ Appellant files forty-nine assignments of error. Of course we will not respond to those which are not argued in brief of appellant. Alabama Power Co. v. Thompson, 250 Ala. 7, 32 So.2d 795, 9 A.L.R.2d 974; Washington v. Alabama Mills, 241 Ala. 327, 2 So.2d 770; Christ v. Spizman, 33 Ala.App. 586, 35 So.2d 568; Lester v. Enzor, 24 Ala.App. 318, 134 So. 819.

## Assignment Number 1

"The court erred in that it proceeded with the trial of the case without a warrant for Defendant in the record."

So far as the record discloses, this question was not raised in either the recorder's court or the circuit court.

The appeal bond from the judgment in the former court appears in the record, and it contains the necessary recitations.

■ A person presented for trial for the violation of a city ordinance is entitled to be apprised of the nature of the prosecution by a written complaint.

A failure in this regard does not render the judgment in the recorder's court void.

■ This identical question was before this court in the case of Ford v. City of Birmingham, 35 Ala.App. 371, 47 So.2d 287. In response we held that the recitals of the appeal bond were sufficient to show the trial and conviction of the accused in the recorder's court and his appeal to the circuit court, thereby giving the latter forum jurisdiction.

In the case of Chaney v. City of Birmingham, 246 Ala. 147, 21 So.2d 263, Justice Simpson for the Supreme Court discussed the question somewhat at length. The effect of the holding is that the right to have the complaint filed is subject to waiver.

The instant question comes under the influence of these authorities.

## Assignment Number 2

■ "The court erred in that it overruled Defendant's demurrer to Count One of the complaint."

Appellant's attorney presses the position that the complaint alleges "that the said W. G. Robinson was not exempt under Section 3 of said ordinance" and the complaint does not set out the contents of said exempting provision.

There is no ground of the demurrer which sufficiently presents this question for our review. Title 7, § 236, Code 1940; Northern Alabama R. Co. v. Winchester, 225 Ala. 197, 142 So. 661; Southern Indemnity Ass'n v. Hoffman, 16 Ala.App. 274, 77 So. 424.

## Assignment Number 16

"The court erred in that it overruled the Defendant's objection to the admission in evidence of City's Exhibit Number One."

The exhibit referred to is the city ordinance in question.

The tender was in the form of the Ordinance Book of the City of Sylacauga. The ordinance of concern appears on pages 241 and 242 thereof. By agreement only this ordinance was copied in the record.

At the end of the ordinance there is:

"Read, adopted and approved at a regular meeting of the City Council of the City of Sylacauga, Alabama, on the 4th day of February, 1941.

"Attest:                      "Approved:
"E. G. Shinn                  "H. A. Parker
"City Clerk                   "Mayor"

Appellant's attorney argues that there is no proof that the ordinance book was published, written or printed by authority of the council and it does not include any certificate of the clerk.

There is no ground in the objections to the question which sufficiently invites this review.

■ The evidence was not patently and manifestly illegal and therefore the general objections would not be available. Chambers v. State, 17 Ala.App. 178, 84 So. 638; Johnston v. Isley, 240 Ala. 217, 198 So. 348.

The other grounds posed, to wit: "there is higher and better evidence * * *

and improper predicate and not the best evidence", were also unavailable to present the argued position.

■ We consistently adhere to the rule which provides that in the absence of proper grounds of objections, the court will not be required to cast about to determine whether or not sufficient grounds could have been assigned. Jones v. State, 29 Ala.App. 126, 193 So. 179; Millhouse v. State, 235 Ala. 85, 177 So. 556.

We rest our decision on the above approach without expressing any view as to whether or not the evidence was admissible against appropriate grounds of objections.

Assignments Numbered 17, 18, 19, and 31

These are grouped in argument in appellant's brief.

Assignment number 31 is: "The court erred in that it sustained the City's objection to the following question: 'Has the Wilson Service Station, on the Birmingham Highway, that is located also in the police jurisdiction of the City of Sylacauga, ever filed with you, a certificate as required by Section Three of Ordinance Number 1106?' "

■ It affirmatively appears from the record that the Wilson Service Station was in no manner or way connected or related to the business of the appellant.

In the case of Alabama Power Co. v. City of Carbon Hill, 234 Ala. 489, 175 So. 289, 293, Justice Foster, writing for the court, observed:

"Although the ordinance has been in effect during the operations of this appellant for the years in question, the city commission did not seek to enforce it, as now claimed, made no demand for a report of appellant's receipts in the police jurisdiction or for a license charge by reason of such operations. * * * But such attitude of the city commission may have been occasioned by a consciousness that it ought not to be enforced because it violates appellant's rights, which we have discussed, and has a tendency to show that such was the view of the city commission during those years, or that it did not need the funds for police purposes in that area."

This general statement is certainly not an authority that proof may be made that a municipality allowed other persons or concerns to violate the ordinance.

In fact, it is not made certain by the inquiry that Wilson Service Station even sold gasoline or was amenable to the provisions of the ordinance.

We pretermit a discussion of the other assignments included in this group. Taylor v. Taylor, 251 Ala. 374, 37 So.2d 645; Culp v. Cash, 35 Ala.App. 188, 44 So.2d 796; Lowry v. Nobles, 35 Ala.App. 99, 44 So.2d 20; Buffalo Rock Co. v. Davis, 228 Ala. 603, 154 So. 556.

### Assignment Number 20

■ "The court erred in that it sustained the City's objection to the following question: 'And I will ask you, Mr. Johnson, if the defendant in this case purchased any electricity for his premises from the City of Sylacauga, Alabama?' "

The purchase of electric current by the appellant is not concerned or involved in this proceeding. We are unable to see how this inquiry could be material.

We do not find any holding in the case of Van Hook v. City of Selma, 70 Ala. 361, cited by appellant, that could lead to a contrary view.

### Assignment Number 23

■ "The court erred in that it sustained the City's objection to the following question: 'I will ask you Mr. Johnson, if the funds that are received from this gasoline tax went into the general fund of the City of Sylacauga?' "

■ The question of prime concern is whether or not in levying the license tax the amount so fixed reflected a reasonable compensation to the city for its expenses in supervising the particular business at the place where the levy is effective. Van Hook v. City of Selma, supra.

The system or method employed by the municipality in allocating the gasoline tax would be a matter of immaterial inquiry.

Assignments Numbered 24, 25, 26, 29, 32, 33, 34, 37, 38, 39, 40, 41, 42, 43, 46, 47, and 48

These assignments are grouped in argument.

Assignment number 24 is: "The court erred in that it sustained the City's objection to the following question: 'I will ask you, did the City of Sylacauga, Alabama, make a reasonable effort to impose the fees or taxes imposed against the defendant in this case as to the reasonable cost of supervision of its police and fire departments and including standby facilities?' "

It is readily apparent that the question called for a conclusion of the witness based altogether on an opinion. It called for an answer that invaded the province of the court. In fact, it involved the prime question to be decided by the court.

The record discloses that appellant's attorney stated to the trial judge: "We took that question from the case of Hawkins and the City of Prichard in Southern Second 30 p. 659."

The Supreme Court was here stating the law and not reviewing the propriety of the procedure by which proof should be established.

We will pretermit any response to the other assignments included in this group. Authorities supra.

Assignment of error number 27 relates to the ruling of the court in overruling appellant's objections to a question propounded to a witness. No exceptions were reserved to the ruling of the court. Tucker v. State, 36 Ala.App. 311, 55 So.2d 365; Bennett v. State, 248 Ala. 664, 29 So.2d 217.

Assignment number 49 raises the question of the constitutionality of the ordinance.

The applicable legal principles have been well established by many prior authorities beginning with the early case of Van Hook v. City of Selma, supra.

In the case of Hawkins v. City of Prichard, 249 Ala. 234, 30 So.2d 659, 662, Justice Foster for the Supreme Court states the effect of these authorities as follows:

"The effect of those cases simply stated is that cities are not authorized under the Constitution to levy a license tax on business located wholly within its police jurisdiction and outside the city limits for the purpose of raising general revenue either directly or indirectly; but in levying such an assessment, the amount must be so fixed as to reflect reasonable compensation for the expense of municipal supervision over the particular business or vocation at the place where it is licensed. Van Hook v. City of Selma, supra.

"The supervision here referred to properly includes services of the police and fire departments, including standby facilities, sanitary inspectors, and such other employees as may be necessary to see that reasonable requirements are observed with respect to disorders, fires, sanitation, and safety in other respects, of each such business in its relation to all of the businesses within such territory."

See also cases cited in the opinion.

The justice observed in effect that it is difficult for the taxing powers to accurately determine the amount of revenue expected when the levy is dependent upon volume of sales. Therefore the courts will not disturb the action of the municipality in enacting the law unless it is clearly manifest that the license tax was not based upon a proper consideration of the purpose of the revenue and the power and duty of the city to impose it. He says:

"* * * and the courts will not scrutinize the amount of the license fee too narrowly when it can be reasonably found to be predicated upon a sincere effort on the part of the city authorities to fix the fee on a basis which is justified under the Constitution."

In Briggs v. Birmingham Railway, Light & Power Co., 188 Ala. 262, 66 So. 95, 96, the court held:

"Where an ordinance or by-law, assuming to exercise a power within the municipality's competency, is not void on its face, the legal presumption is that the ordinance or by-law is reasonable and valid until the contrary is shown by proper evidence. * * * When the unreasonableness vel non of an ordinance or by-law is asserted or urged, the question thus made is to be decided by the court, not the jury."

It is evincingly clear and unmistakably certain that our task in the matter at hand is to find our conclusion in the facts and circumstances disclosed by the evidence.

The evidence is quite voluminous, and much of it relates to immaterial data.

The service station of the appellant is on a lot about 50 x 120 feet. Its structural character consists of a building about 30 x 40 feet and two retail gasoline dispensing pumps.

In setting out the statistical facts we will follow somewhat the pattern employed by the Supreme Court in the case of Hawkins v. City of Prichard, supra.

Expenses pertinent to this review were as follows:

|  | 1951 | 1952 |
|---|---|---|
| Police (less fines and prisoners' labors) | $34,600.97 | $40,975.19 |
| Fire Department | 25,282.61 | 29,566.43 |
| Sanitary Department | 40,078.91 | 48,435.90 |
| Contribution to County Health Department | 3,157.96 | 3,994.53 |

The proof establishes that the city operated and maintained its sewage disposal plant which cost $247,000.00. The sanitary department served part but not all of the residents without the city limits but within the police jurisdiction thereof. The city made contributions to the county health department. This service was rendered to the citizens of the entire county, and, of course, the residents without the corporate limits and within the police jurisdiction were included in this benefit.

Below is an outline showing revenue received from the gasoline license tax:

|  | 1950–51 | 1951–52 |
|---|---|---|
| **From All Service Stations** | | |
| Within city | $22,439.36 | $26,309.90 |
| In police jurisdiction | 1,766.62 | 3,077.31 |
| **Average Per Month** | | |
| Within city | 1,869.95 | 2,192.49 |
| In police jurisdiction | 147.22 | 256.44 |
| **Average Per Station** | | |
| Within city—29 stations | 64.48 | 75.60 |
| In police jurisdiction—23 stations | 6.40 | 11.15 |

Appellant urges that the unconstitutionality of the ordinance of instant concern is sustainable on the authority of Hawkins v. City of Prichard, supra.

We will not attempt to point out in detail the factual differences in that case and the case at bar. The distinction is so apparent that this is not required.

It may be noted that in the Hawkins case, although there was not a very great difference in the number of service stations in the two areas, the license revenue from those within the police jurisdiction far exceeded the amount received from those within the city limits.

In the case at bar, as the above statistical facts will disclose, a very different set of circumstances prevailed.

In the case of City of Prichard v. Richardson, 245 Ala. 365, 17 So.2d 451, the

court did not set out the data in this aspect. We have examined the original record and find a situation in this regard very comparable to that in the Hawkins case.

The factual backgrounds in the cases of Alabama Power Co. v. City of Carbon Hill, 234 Ala. 489, 175 So. 289, and City of Montgomery v. Montgomery City Lines, Inc., 254 Ala. 652, 49 So.2d 199, do not support the position of the appellant in the instant case.

Unquestionably appellant's service station is subject to the license if the levy is properly and legally imposed. Hawkins v. City of Prichard, supra.

We have attempted to give studious consideration to this record. We have been favored with excellent and helpful briefs. This has lightened our labors considerably.

 The pertinent evidence, much of which we have set out, brings us to the decided conclusion that the trial court was authorized to find that the revenue exacted by the ordinance was not at all out of proportion to the reasonable costs of maintaining supervision over the businesses affected by the levy. We hold, therefore, that the ordinance is consitutional.

The judgment below is ordered affirmed.

Affirmed.