214 So.2d 331

**ATLANTIC OIL COMPANY, Inc.**

**v.**

**TOWN OF STEELE.**

**7 Div. 783.**

Supreme Court of Alabama.

Sept. 12, 1968.

---

Roy D. McCord and J. D. Pruett, Gadsden, for appellant.

Gerald C. Swann, Ashville, and Fred Blanton, Birmingham, for appellee.

HARWOOD, Justice.

The appellant filed a bill in the Circuit Court of Etowah County which in effect sought to enjoin the Town of Steele, its officers, agents, or employees, from enforcing an ordinance levying a license tax on sellers of gasoline within the corporate limits of the town, and those without the corporate limits but within the police jurisdiction of the town.

The ordinance, among other things, imposed a license tax of one cent per gallon on the sellers of gasoline selling within the corporate limits of Steele, and one half cent per gallon on sellers within the police jurisdiction.

At the hearing below evidence was introduced tending to show that the corporate limits of the Town of Steele are within St. Clair County, and that appellant's filling station is in Etowah County, but well within the police jurisdiction of the Town of Steele.

The appellant's evidence shows that his filling station obtains no sewerage, garbage, or water services from the Town of Steele, and it is appellant's contention that he receives no benefit from the revenue collected under the license tax.

The evidence presented by the Town of Steele tends to show that police protection is furnished by a constable elected from a precinct which includes the town and also extends to areas of Etowah County including the area in which appellant's filling station is located.

The Town of Steele has a volunteer fire department and owns a fire engine. On at least one occasion the fire department answered a call to extinguish a grass fire in the neighborhood of the filling station. Water and gas facilities were available to appellant on terms offered to other users.

This was substantially all of the evidence presented material to the issues. There was no evidence showing the revenues realized from the license taxes, nor of the costs of regulation and protection of the businesses.

Under the provisions of Section 733, Title 37, Code of Alabama 1940, cities and towns may levy and collect licenses on business carried on within the police jurisdiction. The validity of the Section 733,

supra, has been upheld. City of Prichard v. Harold, 28 Ala.App. 235, 186 So. 499.

Where such license taxes are levied the presumption is that such levy is a valid exercise of police power, Walden v. City of Montgomery, 214 Ala. 409, 108 So. 231, and is not made as a source of general revenue, Alabama Power Company v. City of Carbon Hill, 234 Ala. 489, 175 So. 289. The action of a municipal governing body in fixing the amount of such licenses will not be disturbed unless there is a manifest abuse of such power, and county lines are no barrier to the exercise of this police power over areas within the police jurisdiction of a municipality. White v. City of Decatur, 225 Ala. 646, 144 So. 873, 86 A.L.R. 914.

The presumption being that a municipal governing body reasonably exercised its police power in fixing and levying license taxes, the burden of establishing the invalidity of the action of a municipal governing body in such instances is upon the one asserting the invalidity of the license tax, unless such invalidity appears on the face of the ordinance itself. Franks v. City of Jasper, 259 Ala. 641, 68 So.2d 306.

In the present case no evidence was presented as to the revenue realized from the imposition of the license taxes, nor that the amounts so realized were out of all reasonable proportion to the costs of regulation and protection provided by the town.

In Hawkins v. City of Prichard, 249 Ala. 234, 30 So.2d 659, the taxpayer questioning the validity of a license tax on gasoline service stations presented evidence showing that the revenue from such license taxes on filling stations within the corporate limits, and also within the police jurisdiction of the city was more than the entire costs of operating the police and fire departments for the years in question, and that the revenue realized from the license taxes on filling stations in the police jurisdiction was more than half the costs of maintaining the police and fire departments of the city.

Pointing out that a municipality, as to businesses located within the police jurisdiction but outside the corporate limits, may levy a license tax only in an amount reasonably necessary to cover the supervision of such businesses, including police and fire protection, and cannot levy taxes for general revenue purposes on businesses so situated, this court held that under the evidence presented the taxpayer who had sued for a refund of taxes paid under the ordinance was entitled to the affirmative charge requested by him. This for the reason that the evidence presented as to the revenue derived from the so-called license tax was so disproportionate to the costs of the services furnished as to palpably demonstrate that the tax levied was in truth and in fact a tax for general revenue purposes rather than a license tax.

However, as before pointed out, no evidence was presented in the hearing below as to the revenue produced by such tax, nor of the relation of the revenue so realized to the costs of municipal services available to the appellant.

In other words, there was no evidence presented tending to overcome the presumption of the validity of the license tax imposed.

The Chancellor was correct in denying the relief sought by the appellant under the evidence as presented.

Affirmed.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.