WRIGHT, Presiding Judge.
The Montgomery County Circuit Court held an ordinance of the City of Muscle Shoals enacting a sales tax within the city and its police jurisdiction to be invalid. It ■directed a refund to plaintiff of $11,485.21 in taxes collected. We affirm.
This is another in a long series of cases arising from a challenge to the enactment of a city ordinance which levies a tax or a license upon businesses outside of the city limits but within its police jurisdiction. Those cases have clearly established that the purpose of such ordinances may not be for raising general revenue, but must be calculated to reasonably compensate the city for the expense of services provided. Van Hook v. City of Selma, 70 Ala. 361 (1881); Hawkins v. City of Prichard, 249 Ala. 234, 30 So.2d 659 (1947); Franks v. City of Jasper, 259 Ala. 641, 68 So.2d 306 (1953); Atlantic Oil Company v. Town of Steele, 283 Ala. 56, 214 So.2d 331 (1968); City of Hueytown v. Burge, 342 So.2d 339 (Ala.1977). It is upon the decision of the last cited case, City of Hueytown v. Burge, that the trial court based its judgment. The facts of that case and this case are so nearly the same as to be indistinguishable. The majority of the supreme court held in Burge that because it was affirmatively shown that the decision of the city to tax was not based upon any consideration of the relation of the tax to the reasonable cost of the services to be rendered, the ordinance was determined invalid. Evidently the view of the three-judge dissent, that a showing that the resulting revenue is less than the cost of the services being rendered should sustain the presumed validity of the ordinance, was rejected by the majority. The majority held that if the evidence shows no effort was made at the time of enactment to relate the fees imposed to the reasonable cost of supervision, it follows that the imposition was for impermissible general revenue purposes. We find the decision in Burge dispositive and affirm the judgment below.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.