This is an appeal from a decision by the Circuit Court of Henry County holding an ordinance of the Town of Newville invalid in its application to the plaintiff, Henry Price, and enjoining the defendants from collecting the license fees prescribed by the ordinance. We affirm.
On October 25, 1976, the Town of Newville, Henry County, Alabama passed an ordinance levying a tax on the sale of brewed or malt beverages of five (5) cents for each can or bottle sold, stored or delivered within the corporate limits of the Town and two and one-half (2.5) cents for each can or bottle sold, stored or delivered within the police jurisdiction of the Town. At the time of the passage of the ordinance, there were two businesses within the Town limits subject to the tax. There was no such business within the police jurisdiction outside the Town limits. The plaintiff owned and operated one of the businesses within the corporate limits of Newville. Plaintiff subsequently moved his business to a new site beyond the corporate limits sign but within the police jurisdiction of Newville. A subsequent survey commissioned by the Town of Newville showed that the corporate limits in fact pass through plaintiff's place of business.
Plaintiff brought this action for declaratory judgment in the Circuit Court of Henry County, paying into court the amount alleged to be due but seeking to have the ordinance levying the tax declared invalid and the defendants restrained from *Page 1316 
collecting the tax. The circuit court granted judgment for plaintiff. The Town of Newville appeals.
Since the case of Van Hook v. City of Selma, 70 Ala. 361
(1881), the Alabama courts have consistently held that cities are not authorized to levy a license tax on businesses located within the police jurisdiction but outside the city limits for purposes of raising general revenue. Rather, the amount of the tax must reflect reasonable compensation for the expense of municipal supervision over the particular business. City ofHueytown v. Burge, 342 So.2d 339 (Ala. 1977); Franks et al. v.City of Jasper, 259 Ala. 641, 68 So.2d 306 (1953); Hawkins v.City of Prichard, 249 Ala. 234, 30 So.2d 659 (1947); AlabamaPower Co. v. City of Carbon Hill, 234 Ala. 489, 175 So. 289
(1937). When such a license tax is enacted, the ordinance is presumed reasonable unless the contrary appears on its face or is shown by proper evidence. This presumption places the burden upon the licensee to demonstrate invalidity. Franks et al. v.City of Jasper, supra. The licensee must show that the city's decision to tax was an arbitrary one and not based on any effort to relate the fee charged to the reasonable cost of supervision. City of Hueytown v. Burge, supra.
The defendant contends that when there are no businesses located in the police jurisdiction at the time the ordinance is passed, the city has no duty to relate fees to be charged in the police jurisdiction to the cost of supervision. We do not agree. The Supreme Court of Alabama in Hawkins v. City ofPrichard, supra, stated that "cities in fixing their schedule of licenses should anticipate the amount to be needed for police, fire and sanitation, and other supervision, including use of its facilities, both within the city and in the police jurisdiction. And then allocate a reasonable amount of that for the police jurisdiction." Within the corporate limits a municipality may tax both to compensate for the expenses of providing services and to raise general revenue. However, a license tax levied within the police jurisdiction must relate to the expenses the municipality incurs in providing services to this area. Alabama Power Co. v. City of Carbon Hill, supra.
The defendant further contends that the plaintiff does not have standing to attack the ordinance because his business is not wholly within the police jurisdiction of the Town. However, the defendant has agreed that Mr. Price's business is to be taxed under the section of the ordinance pertaining to business within the police jurisdiction. His tax liability under the ordinance is a sufficient interest to give him standing to attack the section of the ordinance that applies to his business.
The only other issue for our consideration is whether the trial court was justified in finding that the plaintiff had shown the purpose of the ordinance to be to raise general revenue for the Town rather than to reimburse the Town for the expenses of supervision within the police jurisdiction. We find that there was sufficient evidence to support the trial court's decision. In City of Hueytown, the Supreme Court held a municipal ordinance invalid on the grounds that the city's decision to tax was arbitrary because it was affirmatively shown to be based upon no effort to relate the fees to the reasonable cost of supervision. In the present case the mayor and city clerk testified that the Town made no attempt to determine the relative costs of providing services to the police jurisdiction and the Town. In fact, in a letter to the Alabama Beverage Control Board, the mayor stated that "the ordinance for the tax was passed due to the fact the town is in need of revenue for continuous operations." "This frankly admits plaintiff's contention." Hawkins v. City of Prichard,supra.
Having found sufficient evidence to support the trial court's decision, we affirm.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur. *Page 1317