473 So.2d 1060 (1985)
Ex parte CITY OF LEEDS.
(Re CONTINENTAL ELECTRIC COMPANY v. CITY OF LEEDS).
83-1446.
Supreme Court of Alabama.
June 21, 1985.
James E. Hill, Jr., Leeds, for petitioner.
*1061 Winston B. McCall, Jr., Birmingham, for respondent.
Drayton N. Hamilton, Montgomery, for amicus curiae Alabama League of Municipalities.
FAULKNER, Justice.
We granted certiorari in this case to determine whether the City of Leeds properly applied the business license tax to Continental Electric Company, a business located within the police jurisdiction of the city. We affirm the judgment of the Court of Civil Appeals, 473 So.2d 1056.
Pursuant to Alabama Code 1975, § 11-51-91, a municipality may collect license taxes from businesses located outside its corporate limits but within its police jurisdiction, to defray the cost of municipal services provided to those businesses.
Continental Electric brought a suit against the City of Leeds, contending that the city improperly assessed the license tax against it.
The trial court found for the City of Leeds, concluding that Continental Electric had failed to show that the license fee was arbitrary and not based upon a reasonable effort to relate the amount of the license fee to the reasonable cost of services provided.
The Court of Civil Appeals reversed and held that the city had failed to reasonably relate the license tax imposed upon any particular business to the cost of services, in accordance with Alabama case law.
In City of Hueytown v. Burge, 342 So.2d 339 (Ala.1977), this Court held that the license tax must be based on an "effort to relate the fee charged to the reasonable cost of supervision." The primary issue before us, therefore, is whether a municipality must calculate the cost of supervisory services to each particular business or class of businesses within the police jurisdiction, in its effort to relate the license fee charged to the reasonable cost of supervision.
The thrust of the argument made by the City of Leeds is that the "reasonableness" requirement in City of Hueytown should be interpreted to require the city to relate the licensing fee to the reasonable cost of supervisory services in the police jurisdiction as a whole area, rather than to require the city to relate the cost to each particular business. This will not wash.
Alabama case law has consistently held that a city may levy a license tax upon a business in its police jurisdiction so long as it is not for the purpose of raising general revenue. The amount of the tax must reflect the reasonable compensation for the expense of municipal supervision over the particular business. Hawkins v. City of Prichard, 249 Ala. 234, 30 So.2d 659 (1947), Alabama Power Co. v. City of Carbon Hill, 234 Ala. 489, 175 So. 289 (1937); Van Hook v. City of Selma, 70 Ala. 361 (1881); Town of Newville v. Price, 372 So.2d 1314 (Ala.Civ.App.1979).
In Hawkins, this Court stated that when fixing its license schedule, the city should estimate the proportionate amount chargeable to the police jurisdiction businesses, so that each particular business shall pay, as near as possible, an amount properly chargeable to its demand for supervision and police protection. This amount also necessarily includes a consideration for the value of standby facilities.
Since in the instant case the trial court found that "no calculation had been made by the Council or city officials of costs for city services to any particular business or classification of businesses or in the police jurisdiction," we hold that the Court of Civil Appeals' conclusion that the city thereby failed to properly relate the fee charged to the reasonable cost of supervision was in accordance with established Alabama case law.
AFFIRMED.
MADDOX, ALMON, EMBRY and BEATTY, JJ., concur.
TORBERT, C.J., dissents, with opinion.
JONES, SHORES and ADAMS, JJ., dissent, with opinion by JONES, J.
*1062 TORBERT, Chief Justice (dissenting).
I dissent. The majority opinion holds that "[t]he amount of the tax must reflect the reasonable compensation for the expense of municipal supervision over the particular business." The cases relied upon do, in fact, say this; however, I do not think that this Court ever intended to say that supervision costs must be allocated according to each individual business.
Hawkins v. City of Prichard, 249 Ala. 234 at 238, 30 So.2d 659 at 663, sets forth the formula for determining business license fees:
"Cities in fixing their schedule of licenses should [1] anticipate the amount to be needed for ... supervision ... both within the city and in the police jurisdiction. [2] And then allocate a reasonable amount of that for the police jurisdiction. [3] And estimate the proper proportionate amount of that which should be chargeable to the various businesses there subject to a license tax by the city [in order that] each such business then licensed shall as near as possible pay an amount properly chargeable to its supervision...."
In estimating the proper proportionate amount chargeable to the particular businesses located in the police jurisdiction, cities must refer to Code 1975, § 11-51-91. This section provides that, for business license purposes, a business located outside the corporate limits but within the police jurisdiction may be taxed up to one half the amount it would have been taxed had the business been located within the corporate limits.
It is my view that as long as the total fees assessed to all of the police jurisdiction businesses do not exceed the cost of supervising the police jurisdiction area, the tax is both reasonable and based upon the particular business within the meaning of § 11-51-91.
In Hawkins, the fee assessed against a filling station was improper because the station was automatically charged one half the amount charged to filling stations within the corporate limits, without regard to the cost of supervising the police jurisdiction. In fact, the mayor admitted that the license fees were used for general revenue purposes.
In the instant case, it is clear from the record that while the amount charged to Continental Electric was one half of that which would have been charged had the business been located within the corporate limits, the City of Leeds had the authority to assess the statutory ceiling amount (§ 11-51-91). This is so, because, even at the one half rate, the city incurs expenses in excess of the amount of these license fees in supervising the area of its police jurisdiction. Moreover, it is obvious that the business license fees were not used to raise general revenue; therefore, the fees charged were proper.
I would reverse the judgment of the Court of Civil Appeals and affirm the judgment of the trial court.
JONES, Justice (dissenting).
I respectfully dissent. It is the thrust of the majority's opinion that, because the trial court found "that `no calculation had been made by the Council or city officials of costs for city services to any particular business or classification of businesses or in the police jurisdiction,'" the City's imposition of the business license fee was not properly related to the reasonable costs of supervision. I believe this is a misreading of Hawkins. I do not understand Hawkins as mandating a separate calculation as to each business within the police jurisdiction so as to prorate total costs of furnishing city services to each business so served. Under the instant holding, each business would be taxed according to the particularized service furnished to that business by the City.
I read City of Hueytown, Hawkins, City of Selma, and Town of Newville quite differently. The thrust of each of these cases is to place the burden on the municipality to show some reasonable relationship between the costs of overall services furnished businesses outside the City, but *1063 within the police jurisdiction, and the license tax imposed upon those businesses. I find no legal authority for the proposition that a particular business may be singled out to determine whether the tax is reasonable. Indeed, such a particularized treatment of each separate business runs contrary to the statutorily mandated "one-half" formula for assessing businesses within the police jurisdiction. The record is replete with uncontradicted evidence that the City is expending more funds in supervising its police jurisdiction than it is receiving in revenues from police jurisdiction businesses. This finding by the trial court amply supports its legal conclusion upholding the imposition of the city tax.
For the reasons stated, I would reverse the judgment of the Court of Civil Appeals and remand the cause for an order affirming the judgment of the trial court.
SHORES and ADAMS, JJ., concur.