We granted certiorari in this case to determine whether the City of Leeds properly applied the business license tax to Continental Electric Company, a business located within the police jurisdiction of the city. We affirm the judgment of the Court of Civil Appeals, 473 So.2d 1056.
Pursuant to Alabama Code 1975, § 11-51-91, a municipality may collect license taxes from businesses located outside its corporate limits but within its police jurisdiction, to defray the cost of municipal services provided to those businesses.
Continental Electric brought a suit against the City of Leeds, contending that the city improperly assessed the license tax against it.
The trial court found for the City of Leeds, concluding that Continental Electric had failed to show that the license fee was arbitrary and not based upon a reasonable effort to relate the amount of the license fee to the reasonable cost of services provided.
The Court of Civil Appeals reversed and held that the city had failed to reasonably relate the license tax imposed upon any particular business to the cost of services, in accordance with Alabama case law.
In City of Hueytown v. Burge, 342 So.2d 339 (Ala. 1977), this Court held that the license tax must be based on an "effort to relate the fee charged to the reasonable cost of supervision." The primary issue before us, therefore, is whether a municipality must calculate the cost of supervisory services to eachparticular business or class of businesses within the police jurisdiction, in its effort to relate the license fee charged to the reasonable cost of supervision.
The thrust of the argument made by the City of Leeds is that the "reasonableness" requirement in City of Hueytown should be interpreted to require the city to relate the licensing fee to the reasonable cost of supervisory services in the police jurisdiction as a whole area, rather than to require the city to relate the cost to each particular business. This will not wash.
Alabama case law has consistently held that a city may levy a license tax upon a business in its police jurisdiction so long as it is not for the purpose of raising general revenue. The amount of the tax must reflect the reasonable compensation for the expense of municipal supervision over the particular business.Hawkins v. City of Prichard, 249 Ala. 234, 30 So.2d 659 (1947),Alabama Power Co. v. City of Carbon Hill, 234 Ala. 489,175 So. 289 (1937); Van Hook v. City of Selma, 70 Ala. 361 (1881); Townof Newville v. Price, 372 So.2d 1314 (Ala.Civ.App. 1979).
In Hawkins, this Court stated that when fixing its license schedule, the city should estimate the proportionate amount chargeable to the police jurisdiction businesses, so that each particular business shall pay, as near as possible, an amount properly chargeable to its demand for supervision and police protection. This amount also necessarily includes a consideration for the value of standby facilities.
Since in the instant case the trial court found that "no calculation had been made by the Council or city officials of costs for city services to any particular business or classification of businesses or in the police jurisdiction," we hold that the Court of Civil Appeals' conclusion that the city thereby failed to properly relate the fee charged to the reasonable cost of supervision was in accordance with established Alabama case law.
AFFIRMED.
MADDOX, ALMON, EMBRY and BEATTY, JJ., concur.
TORBERT, C.J., dissents, with opinion.
JONES, SHORES and ADAMS, JJ., dissent, with opinion by JONES, J. *Page 1062