INGRAM, Judge.
This case involves the City of Roberts-dale’s (city) authority to issue building permits outside of the city’s corporate limits but within' its police jurisdiction. The city contends that it should have the sole authority to issue building permits since it has been regulating and providing numerous services to this area. After an ore terms hearing, the trial court found that the city
“failed to meet its required burden of proof under Ex parte City of Leeds, 473 So.2d 1060 (1985), showing that the requested building permit fees would be based on what the reasonable cost of supervision would be to perform this service”
and held that Baldwin County had the authority to issue building permits in the area in question. The city appeals.
Although the city raises other issues on appeal, we find the dispositive issue to be whether the trial court erred in finding that the city failed to meet its burden of proof under Ex parte City of Leeds, 473 So.2d 1060 (Ala.1985).
In Continental Electric Co. v. City of Leeds, 473 So.2d 1056 (Ala.Civ.App.1984), aff'd, Ex parte City of Leeds, 473 So.2d 1060 (Ala.1985), this court held that a mu *31 nicipality may collect from businesses located outside its corporate limits but within its police jurisdiction. However, we went on to say that this must only be to defray the cost of municipal services provided to those businesses and not to raise revenue. The Supreme Court affirmed this decision and further stated that the amount collected “must reflect the reasonable compensation for the expense of municipal supervision over the particular business.” Ex parte City of Leeds, supra, at 1061. We note that the Leeds case concerned the collection of a business license tax, and the case before us now involves the issuance of building permits. Nevertheless, we think the rule of law set out in Leeds is equally applicable here.
We have carefully reviewed the record and find that the city does provide services to the area in question. Further, the may- or testified that the city has a standard scale of fees for assessing building permits and that all money collected goes to help defray the cost of inspection and regulation. However, we find no calculation of cost for city services provided in the record. In Ex parte City of Leeds, supra, at 1061, the Supreme Court found that “no calculation had been made by the Council or city officials of costs for city services to any particular business or classification of businesses or in the police jurisdiction ... [and] the city thereby failed to properly relate the fee charged to the reasonable cost of supervision ... in accordance with established Alabama case law.” As noted above, no such calculation of cost for services was provided by the city here, and we have no alternative but to affirm the trial court.
In view of the above, other issues raised by the city are pretermitted.
This case is due to be affirmed.
AFFIRMED.
BRADLEY, P.J., and HOLMES, J., concur.