We issued the writ of certiorari to the Court of Civil Appeals to review its decision *Page 32 
applying our recent opinion in Ex parte City of Leeds,473 So.2d 1060 (Ala. 1985). We reverse and remand with directions.
Petitioners urge us to overrule Ex parte City of Leeds, because, they say, it was wrongly decided. They claim evidence that it was wrongly decided can be found in the fact that the legislature, immediately after the decision, amended the Code section that was the basis for the Court's decision and, in effect, adopted the dissent's reasoning as to the intention of the legislature.
Ex parte City of Leeds was a 5-4 decision.
This case started out in the Circuit Court of Baldwin County as a suit filed by the City of Robertsdale for a declaratory judgment holding that the City of Robertsdale had superior authority over Baldwin County to issue building permits regulating the uses and design of structures within its police jurisdiction, but outside its corporate limits. The basis of its claimed authority was Code of Alabama 1975, § 11-40-10, as amended. Baldwin County countered the City of Robertsdale's claim by saying that it had issued building permits in the unincorporated areas of Baldwin County since 1972, when it established its Planning Commission and Building Department; that furthermore, Robertsdale did not begin requiring municipal building permits within its police jurisdiction until sometime after 1982; that Baldwin County had the superior power to tax by virtue of Code of Alabama 1975, § 11-24-5; and, finally, that the City of Robertsdale could not be allowed to charge for building permits because the City had made no calculations of the cost of city services to any particular business or classification of business in its police jurisdiction, and, therefore, should not be allowed to collect the permit fees.
The trial court ruled with Baldwin County, relying on Exparte City of Leeds, which is virtually identical to this case, except that here we are dealing with building permits in unincorporated areas and in City of Leeds we were dealing with a license tax. But this is a distinction without a difference.
The Court of Civil Appeals, on appeal in the present case, upheld the trial court, but reasoned that inasmuch as Ex parteCity of Leeds was the controlling precedent concerning the method of calculation of license taxes or building permit fees — and because Robertsdale had not calculated the fees in accordance with that case — it was not necessary to reach the question whether the City, the County, or both, had a right to collect the permit fee in the unincorporated area.538 So.2d 30.
We now overrule Ex parte City of Leeds and hold that its over-technical requirement for determining a license tax or building permit fee is no longer necessary, and is not required in this case; we conclude that the legislature's amendment of the applicable statute is consistent with its intentions in this field in the first place — that is, that "no calculation is required to be made by the municipal officials for the cost of services to any particular business or classification of businesses within the police jurisdiction so long as the total amount of such licenses collected in the police jurisdiction shall not be in an amount greater than the cost of services provided by the city or town to the police jurisdiction." §11-51-91, Code of Alabama, 1975.
Having disposed of the issue regarding the calculation of a permit fee, and reversing the Court of Civil Appeals' judgment entered on that issue, we remand with directions to that court to consider the issue of which governing body, the City of Robertsdale and/or Baldwin County, has the right to collect building permit fees in the unincorporated area of Baldwin County that lies within Robertsdale's police jurisdiction.
REVERSED AND REMANDED WITH DIRECTIONS.
TORBERT, C.J., and MADDOX, JONES, ALMON, SHORES, BEATTY, HOUSTON and STEAGALL, JJ., concur. *Page 33