ON REMAND FROM THE SUPREME COURT OF ALABAMA
INGRAM, Judge.
This case comes to us on remand from the Supreme Court of Alabama. In our original opinion, we affirmed the trial court on the basis of Ex parte City of Leeds, 473 So.2d 1060 (Ala.1985). City of Robertsdale v. Baldwin County, 538 So.2d 30 (Ala.Civ.App.1988) (hereinafter cited as Robertsdale I). However, at the urging of the appellant herein, the supreme court overruled City of Leeds, supra, and remanded the case to this court for consideration of the issues pretermitted by our decision in Robertsdale I. Ex parte City of Robertsdale, 538 So.2d 31 (Ala.1988). The major issue pretermitted by Robertsdale I was whether the City of Robertsdale (city), Baldwin County (county), or both, have the power to issue building permits regulating the use and design of structures within the city’s police jurisdiction but outside its corporate limits. The trial court held, inter alia, that the county had a superior power to issue such permits by virtue of § 11-24-5, Code 1975 (Cum.Supp.1988). We disagree with the trial court’s conclusion.
Alabama statutes regulating land use planning, including issuance of building permits, make a clear distinction between regulation of subdivisions and regulation of areas not located within subdivisions. We will, therefore, discuss those areas separately.
7. Subdivisions
The trial court determined that § 11-24-5, Code 1975 (Cum.Supp.1988), grants the county superior authority to issue building permits in all the territory located outside the city’s corporate limits but inside its police jurisdiction. This was error.
Section 11-24-5 provides:
“No county shall exercise jurisdiction under provisions of this chapter within the jurisdiction of any municipal planning commission presently organized and functional or which shall become organized and functional within six months of the date the county assumes such jurisdiction by publishing and adopting notice thereof.”
The chapter referred to in § 11-24-5 is entitled “Regulation of Subdivisions” and encompasses § 11-24-1 through § 11-24-7. Section 11-24-1 provides that a county may regulate the minimum size of lots, planning of public streets, and several other aspects of proposed subdivisions located “outside the corporate limits of any municipality in said county.” We fail to see how a statute regarding regulation of subdivisions can grant a county power to issue permits for construction throughout a city’s police jurisdiction. If § 11-24-5 has any application at all in this case, it is within subdivisions only. Nothing in chapter 24 of Title 11 authorizes a county to regulate any construction outside a “proposed subdivision.” The trial court therefore erred in applying § 11-24-5 to the entire area in dispute.
Under the circumstances of this case, the trial court further erred in its application of § 11-24-5. Section 11-24-5 limits the county’s power to regulate subdivisions located outside the corporate limits of a municipality in that it may not regulate subdivisions within the jurisdiction of a municipal planning commission (1) which was “presently organized and functional” or (2) which became organized and func *35 tional within six months after the county assumed jurisdiction. The county contends, and the trial court found, that the county “assumed jurisdiction” pursuant to § 11-24-1 when it began issuing building permits in unincorporated areas of the county in 1972. Since Robertsdale’s municipal planning commission was not organized until 1978, the trial court concluded that it had not been organized and functional within six months after the county assumed jurisdiction.
Although the trial court’s reasoning in this regard is sound, it ignores one very important aspect of the statute. That is that a county may not exercise jurisdiction pursuant to § 11-24-1 within the jurisdiction of a municipal planning commission “presently organized and functional.” Chapter 24 of Tit. 11 became law on July 30, 1979. Acts of Alabama 1979, Act No. 553, Regular Session, July 30, 1979, pp. 1002-04. Clearly, the legislature intended that no county exercise jurisdiction under § 11-24-1 within the jurisdiction of a municipal planning commission “organized and functional” as of that date. The evidence showed that Robertsdale did not actually issue building permits until 1982, but there was undisputed evidence that its municipal planning commission was “organized and functional” as of 1978. Thus, that body was “presently organized and functional” at the time the legislature enacted § 11-24-5. The county is precluded from exercising jurisdiction pursuant to § 11-24-1 over any area within the jurisdiction of Robertsdale’s municipal planning commission, and the trial court erred in holding otherwise.
We must, therefore, determine whether the disputed area was within the jurisdiction of the city’s municipal planning commission.
Section 11-52-30, Code 1975, grants a municipal planning commission jurisdiction over the subdivision of (1) all land within the municipality, and (2) all land within five miles of the corporate limits of the municipality which is not located in another municipality. Section 11-52-31, Code 1975, authorizes each municipal planning commission to adopt regulations governing the subdivision of land within its jurisdiction. City of Mobile v. Waldon, 429 So.2d 945 (Ala.1983). Section 11-40-10, Code 1975, outlines the police jurisdiction of municipalities in Alabama. That section provides, in pertinent part:
“The police jurisdiction in cities having 6,000 or more inhabitants shall cover all adjoining territory within three miles of the corporate limits, and in cities having less than 6,000 inhabitants and in towns, such police jurisdiction shall extend also to the adjoining territory within a mile and a half of the corporate limits of such city or town.”
Thus, the territorial jurisdiction of a municipal planning commission includes all the land within that municipality’s police jurisdiction.
Furthermore, § 11-52-36, Code 1975, provides that once a municipal planning commission assumes jurisdiction over the subdivision of land as provided in § 11-52-31, that jurisdiction is exclusive. Section ll-52-30(b) grants the county the authority to “approve plats” within the extraterritorial jurisdiction of a municipal planning commission. But after the plat has been approved, the municipal planning commission has exclusive jurisdiction over development of the subdivision, pursuant to § 11-52-36. A regulation requiring issuance of building permits falls within the authority of the municipal planning commission to “adopt regulations governing the subdivision of land within its jurisdiction.” § 11-52-31, Code 1975. See City of Mobile v. Waldon, supra; Smith v. City of Mobile, 374 So.2d 305 (Ala.1979).
Robertsdale’s municipal planning commission assumed jurisdiction over subdivisions within the City’s police jurisdiction when it became organized and functional in 1978. That jurisdiction is exclusive and § 11-24-5 does not divest the commission of jurisdiction. Therefore, the trial court erred in invoking § 11-24-5. The city, through its municipal planning commission, has exclusive power to issue permits for construction of buildings within subdivisions in the city’s police jurisdiction.

*36
II. Areas Not Within Subdivisions

All the statutes discussed above relate to the regulation of subdivisions. Thus, the authority to issue building permits in areas located outside subdivisions must be predicated on some other statute. The city asserts that its general police power over the disputed area, granted by § 11-40-10, gives it the superior power to issue building permits in the area. Under the circumstances of this case, we agree.
In addition to prescribing the limits of a city’s police jurisdiction as noted above, § 11-40-10 provides:
“Ordinances of a city or town enforcing police or sanitary regulations and prescribing fines and penalties for violations thereof shall have force and effect in the limits of the city or town and in the police jurisdiction thereof and on any property or rights-of-way belonging to the city or town.”
The first question then is whether an ordinance requiring issuance of building permits is a “police regulation.” Police regulations include “all appropriate ordinances for the protection of the peace, safety, health and good morals of the people affected thereby.” City of Homewood v. Wofford Oil Co., 232 Ala. 634, 169 So. 288 (1936). In addition, a police regulation may not be primarily designed to raise general revenue for the city. City of Mountain Brook v. Beaty, 349 So.2d 1097 (Ala.1977).
The ordinance herein meets all those requirements. The regulation of “construction, erection, alteration or improvement of buildings” is an appropriate subject for municipal ordinances. § 11-45-8(c)(1), Code 1975. The mayor of Robertsdale testified that the fees collected upon issuance of building permits are used to partially defray the cost of building inspection, not as general revenue for the city. Undoubtedly, an ordinance requiring issuance of building permits prior to construction serves a substantial and legitimate governmental interest in the safety of the citizens governed thereby. We are, therefore, convinced that the city’s ordinance requiring procurement of a building permit prior to construction of a building within the city’s police jurisdiction was a valid exercise of the police power granted to the city by § 11-40-10.
A municipality is created by the State as a convenient agency for exercising such of the State’s governmental powers as may be entrusted to them. Holt Civic Club v. City of Tuscaloosa, 439 U.S. 60, 99 S.Ct. 383, 58 L.Ed.2d 292 (1978). The State has broad discretion as to the number, nature, and duration of the governmental powers delegated to a municipality. Holt Civic Club, supra. The State of Alabama has entrusted a general police power to each municipality over a narrow strip of land just outside the municipality’s corporate limits. In the absence of authority to the contrary, each municipality may exercise all aspects of that police power.
We must consider, then, whether any authority overrides the general police power of the City of Robertsdale to issue building permits in the disputed area. The county contends that its adoption of the state building code overrides the city’s police power. We disagree because the county has not shown that its adoption of the state building code applies to the area in question.
Section 41-9-166, Code 1975, grants counties the authority to adopt the state building code and to enlarge the applicability of that code. The county presented evidence that it did in fact enact the state building code by a resolution dated March 2, 1972, and that it has required building permits for construction in all unincorporated areas of the county since that resolution went into effect on April 1,1972. That resolution provides, in part:
“[Bjeginning April 1, 1972, a building permit for all proposed construction or other improvements in the unincorporated areas of Baldwin County, Alabama, which are less than twenty (20) feet above Mean Sea Level ... shall be required; and no construction shall be begun in said area until and unless a building permit has been issued by Baldwin County, Alabama, and the plans and specifications for such proposed con *37 struction or other improvements have been approved.”
By its terms, this resolution applies only to “unincorporated areas of [the county] which are less than twenty feet above Mean Sea Level.” There was no proof that any of Robertsdale’s police jurisdiction lies in an area which is less than twenty feet above sea level. Thus, the county may not rely on this resolution nor on § 41-9-166 to show it has the power to issue building permits in the disputed area. The trial court found that the county had, in actual practice, been issuing permits for construction in the disputed area since 1972. The only evidence in the record of the county’s authority to do so is found in the resolution quoted above. However, absent proof that the disputed area, or some part thereof, lies less than twenty feet above sea level, that resolution fails to show the county’s authority to issue these permits, and the trial court erred in relying on the resolution.
We express no opinion as to whether a validly enacted county resolution adopting the state building code in the disputed area could divest the city of its general police power jurisdiction. In this case, the city enacted a valid police regulation requiring permits for construction of buildings within its police jurisdiction. The county has shown no authority which divests the city of its jurisdiction, nor has it proven its own authority to issue building permits in the disputed area. The trial court erred in holding that the county may issue these permits.

III. Conclusion

The Alabama legislature obviously envisioned cooperation between county governments and municipal governments in the regulation of land use. See § 11-24-6, Code 1975 (Cum.Supp.1988). However, when that cooperation is not forthcoming, the legislature has provided a statutory scheme for resolution of disputes.
The municipal planning commission of the City of Robertsdale has exclusive statutory authority to issue permits for construction of buildings in subdivisions within the commission’s jurisdiction. That jurisdiction includes all the territory within the city’s police jurisdiction. In addition, the City of Robertsdale, under its general police power, has the authority to issue permits for construction of buildings within its police jurisdiction. Baldwin County has not shown that its power to issue building permits in that area is superior to that of the city.
We, therefore, reverse the trial court’s decision and remand this case to the trial court for issuance of an order consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
BRADLEY, P.J., and HOLMES, J., concur.