Oliver Wright Motors, Inc., is a business located within the police jurisdiction of the City of Albertville, but outside the city limits. In January 1992, Oliver Wright filed a class-action complaint challenging the constitutionality of § 11-51-206, Ala. Code 1975, which authorizes a municipality to levy a sales tax on consumers who make purchases from businesses *Page 611 
located outside the municipality's corporate limits but within its police jurisdiction.[1] Oliver Wright sought to represent other businesses similarly located ("the Businesses").
In November 1993, Oliver Wright amended its complaint and moved the trial court to certify both a plaintiff class and a defendant class. The trial court certified a plaintiff class, defined as follows, and named Oliver Wright as class representative:
 "All businesses within the State of Alabama which operate outside the corporate limits of municipalities but within the police jurisdictions thereof which are or have been charged a local sales tax pursuant to Ala. Code § 11-51-206 (1975)."
The trial court certified a defendant class defined as follows:
 "All municipalities in the State of Alabama which have levied a tax against businesses operating outside their individual city limits but within their police jurisdictions pursuant to Ala. Code § 11-51-206 (1975)."
The defendant class consists of 279 municipalities. Also named as defendants are the Governor, the director of the Department of Finance, the state revenue commissioner, and the state comptroller.
The Businesses contend that § 11-51-206 is unconstitutional because, they say, the tax it authorizes is a revenue-generating tax and, as such, constitutes taxation without representation and the taking of private property without due process of law. The Businesses seek a judgment declaring the statute and the city ordinances based upon it unconstitutional, and they seek also the refund of all taxes collected from them, an injunction prohibiting the Department of Revenue from collecting the tax, and attorney fees.
The defendants filed motions requesting certain evidentiary rulings, decertification of the classes, and a summary judgment. The Businesses also moved for a summary judgment. In November 1997, the trial court ruled in the Businesses' favor as to the evidentiary questions, refused to decertify the classes, and denied all motions for summary judgment. Pursuant to Rule 5, Ala.R.App.P., the Cities of Albertville and Hoover filed petitions for permission to appeal. Albertville also petitioned, in the alternative, for a writ of mandamus directing the trial court to dismiss the complaint on the basis that Oliver Wright lacks standing to challenge the statute, or, in the alternative, to decertify the classes.
This Court permitted the interlocutory appeal, allowing the parties to address the following issues:
 "(1) Whether a business located outside the corporate limits of a municipality but within its police jurisdiction has standing to challenge the constitutionality of the sales tax imposed on retail consumers pursuant to [§ 11-51-206, Ala. Code 1975].
 "(2) Whether municipalities can constitutionally exercise the powers delegated to them by the Alabama State Legislature contained in [§ 11-51-206, Ala. Code 1975], which allows them to impose sales taxes on retail consumers for purchases from businesses located outside the corporate limits but within their respective police jurisdictions."
In addition to the Cities of Albertville and Hoover, other appellants in this case are the Cities of Tuscaloosa and Guntersville, and the Towns of Loxley, Notasulga, Samson, Falkville, Weaver, Luverne, Haleyville, Clayton and Tallassee (all of these are sometimes collectively referred to as "the Municipalities").
 I. Standing
Sales taxes are imposed on consumers, not on retail businesses such as Oliver Wright. In re Fox, 609 F.2d 178 (5th Cir.), cert. denied, Alabama Dep't of Revenue v. Fox, 449 U.S. 821 (1980); Hill v. State, 50 Ala. App. 587, 281 So.2d 440 (Ala.Civ.App. 1973). The Municipalities argue that, as a merchant, Oliver Wright has the role of collecting the sales tax and remitting it to the state; therefore, they argue, because Oliver Wright did not pay the sales tax, it lacks standing to bring this action challenging the constitutionality of § 11-51-206. See, e.g., United States v. Jefferson Electric Mfg. Co., 291 U.S. 386 (1934). Oliver Wright argues that it has standing to challenge the constitutionality of § 11-51-206 because it is charged with the duty of calculating, collecting, and remitting the sales tax to the Department of Revenue and because it is held solely responsible for any shortfalls. § 40-23-26(a), Ala. Code 1975.
In order to have standing, a plaintiff must have a real, tangible legal interest in the subject matter of the lawsuit. Eagerton v. Williams, 433 So.2d 436 (Ala. 1983). "`In Alabama, although retail sales tax is levied against the ultimate consumer, the burden is on the seller to collect from the purchaser the amount of tax due on a sale, and the State looks to the seller for the tax.'" In re Peiffer, 126 B.R. 364, 367 (Bankr.N.D.Ala. 1991) (quoting Merriwether v. State, 252 Ala. 590, 593,42 So.2d 465, 466 (1949)). We agree with Oliver Wright that the imposition upon it of the burden to calculate, collect, and remit the tax under penalty of liability for any errors provides it with standing to challenge the constitutionality of the law that imposes that burden.
 II. Constitutionality of the Statute
The legislature has authorized and empowered the state's municipalities to impose sales taxes outside their corporate limits, but within their police jurisdictions. Section 11-51-206, Ala. Code 1975, reads:
"Levy of tax outside corporate limits.
 "The council or other governing body shall have the authority to levy and assess by ordinance within the police jurisdiction of any said city or town all taxes authorized by this article [including sales taxes]; provided, that said levy and assessment shall not exceed one-half the amount levied and assessed for like businesses, sales or uses conducted within the corporate limits, fees and penalties excluded."
Oliver Wright contends that this Court has never held it constitutional for the legislature to authorize a municipality to levy a revenue-generating tax, as opposed to a regulatory tax, on entities outside its borders. According to Alabama law, Oliver 
Wright argues, the legislature does not have the authority to allow a municipality to levy a revenue-generating tax on businesses that do not conduct their operations within the corporate limits of the municipality. Relying on White v. City of Decatur, 225 Ala. 646,144 So. 873 (1932), Oliver Wright insists that the levy of such a tax amounts to taxation without representation and the taking of property without due process of law. Furthermore, Oliver Wright contends, citing Hawkins v. City of Prichard, 249 Ala. 234,30 So.2d 659 (1947), overruled in part on other grounds, State Dep't of Revenue v. Reynolds Metals Co., 541 So.2d 524 (Ala. 1988), municipalities are not authorized under the Constitution to levy a license tax on businesses located within their police jurisdiction but outside their city limits for the purpose of raising general revenue, either directly or indirectly.
In response, the Municipalities argue that the sales tax authorized by § 11-51-206 is constitutionally valid as an exercise of the plenary power of the State of Alabama *Page 612 
that the legislature has properly delegated to municipalities. Before 1969, when § 11-51-206 was enacted, the imposition of any "sales tax" in a police jurisdiction was possible only under the licensing authority of § 11-51-91. In 1969, the legislature authorized municipalities to assess true sales and use taxes in their police jurisdictions. The state may delegate to municipal corporations the power to levy fees and taxes coextensive with the state. See Al Means, Inc. v. City of Montgomery, 268 Ala. 31, 104 So.2d 816 (1958). The municipal taxing power so granted by the state can extend as far as the state, by express grant of authority, provides for it to extend. Id. If the state has the authority to directly levy a sales tax on consumer transactions occurring within a municipality's police jurisdiction, see § 40-23-1 et seq., it should follow that the state also has the authority to enable a municipality to levy a sales tax such as that authorized by § 11-51-206. Therefore, we are not presented with a statute that grants only regulatory or licensing authority but under which a municipality improperly attempts to raise general revenues. See, e.g., Alabama Power Co. v. City of Carbon Hill, 234 Ala. 489,175 So. 289 (1937), overruled in part on other grounds, State Dep't of Revenue v. Reynolds Metals Co., 541 So.2d 524 (Ala. 1988); Van Hook v. City of Selma, 70 Ala. 361 (1881). Cf. City of Mountain Brook v. Beaty, 349 So.2d 1097 (Ala. 1977).
We turn to Oliver Wright's contention that statutes such as § 11-51-206 deny due process of law, contrary to the United States and Alabama Constitutions. This issue was before the United States Supreme Court in Holt Civic Club v. Tuscaloosa, 439 U.S. 60 (1978), in the context of the Due Process and Equal Protection Clauses of the 5th and 14th Amendments to the United States Constitution. There, the plaintiffs challenged the authority of Alabama municipalities to impose license fees on businesses located within the police jurisdiction without simultaneously extending the right to vote in municipal elections. The United States Supreme Court upheld Alabama's statutory scheme as a reasonable exercise of the state's authority to regulate municipalities and the areas just outside their corporate limits. The Supreme Court determined that the state legislature has a legitimate interest in seeing that the people in a police-jurisdiction area do not go without basic municipal services, and that it was not unreasonable for the Alabama legislature to require residents of a police jurisdiction to contribute through license fees to the expense of providing those services.
As the City of Hoover argued in its brief, it is clear that a municipality's authority conferred by § 11-51-206 to impose a sales tax within its police jurisdiction bears a rational relationship to a legitimate interest of the state legislature. We find persuasive the City of Hoover's argument that any of the following reasons would support a conclusion that the legislature, in authorizing the tax at issue here, was acting reasonably and responsibly. First, the legislature reasonably could have determined that if a municipality was not authorized to impose a sales tax in its police jurisdiction, local merchants might opt to conduct their businesses just outside the city limits, thus avoiding the burden of a sales tax while simultaneously enjoying most, if not all, of the benefits provided by the municipality within its city limits. Second, the legislature reasonably could have assumed that those businesses engaging in commercial activities within municipal police jurisdictions enjoy tangible and intangible benefits that result from those businesses' close proximity to the municipality, and that those benefits are comparable, and frequently identical, to those enjoyed by businesses operating within the corporate limits; and that this fact makes it appropriate for those businesses within the police jurisdiction to share directly in the burden of financing the expenses generally associated with providing those benefits. Third, the legislature reasonably could have concluded that authorizing a municipality to access an expanded sales-tax base would allow the per capita sales-tax burden to be shouldered more equitably by all those benefiting from municipal revenue. Fourth, the legislature reasonably could have assumed that without an expanded sales-tax base, a municipality would be more likely to annex adjoining areas solely for the purpose of raising additional revenue, rather than for *Page 613 
the purpose of supporting the growth of its citizenry.
The Supreme Court also concluded in Holt Civic Club that the statutory limitation on license fees for businesses operating in a police-jurisdiction area to one-half the amount required of businesses operating in the city limits assured the police-jurisdiction residents that they would not be victimized by city government. Section 11-51-206 contains a similar statutory limitation on a sales tax imposed within a police jurisdiction, but outside the city limits, to one-half the amount required in the city limits.
Moreover, the Supreme Court determined in Holt Civic Club that the right to vote in elections of representatives to the state legislature protected the taxpayers from taxation without representation. Likewise, Oliver Wright is not taxed without representation, because its principals are entitled, if they so choose, to participate in the elections of members of the legislative body that adopted the challenged statute.
The United States Supreme Court, in Commonwealth Edison Co. v. Montana, 453 U.S. 609 (1981), while not specifically dealing with taxation within a police jurisdiction, addressed the constitutionality of general-revenue taxation by a state:
 "This Court has indicated that States have considerable latitude in imposing general revenue taxes. The Court has, for example, consistently rejected claims that the Due Process Clause of the Fourteenth Amendment stands as a barrier against taxes that are `unreasonable' or `unduly burdensome.' Moreover, there is no requirement under the Due Process Clause that the amount of general revenue taxes collected from a particular activity must be reasonably related to the value of the services provided to the activity. Instead, our consistent rule has been:
 "`Nothing is more familiar in taxation than the imposition of a tax upon a class or upon individuals who enjoy no direct benefit from its expenditure, and who are not responsible for the condition to be remedied.
 "`A tax is not an assessment of benefits. It is, as we have said, a means of distributing the burden of the cost of government. The only benefit to which the taxpayer is constitutionally entitled is that derived from his enjoyment of the privileges of living in an organized society, established and safeguarded by the devotion of taxes to public purposes. Any other view would preclude the levying of taxes except as they are used to compensate for the burden on those who pay them, and would involve abandonment of the most fundamental principle of government — that it exists primarily to provide for the common good.'"
453 U.S. at 622-23 (quoting Carmichael v. Southern Coal Coke Co.,301 U.S. 495, 521-23 (1937)) (citations omitted).
While the United States Supreme Court's interpretation of the Due Process Clause in the 14th Amendment to the United States Constitution is not binding on this Court when this Court is interpreting the due process clause in the Alabama Constitution, that Court's reasoning can inform our judgment. Pickett v. Matthews, 238 Ala. 542, 192 So. 261 (1939). On the due-process issue presented in this present case, we find the reasoning of the United States Supreme Court in Holt Civic Club and Commonwealth Edison persuasive. We therefore conclude that § 11-51-206 has not been shown to deny the due process guaranteed by the United States and Alabama Constitutions. To the extent that the dictum in White v. City of Decatur, endorsed by dictum in City of Mountain Brook v. Beaty, and relied on here by Oliver Wright, indicates otherwise, it is hereby rejected.
 III. Conclusion
The trial court's order denying the summary judgment motions filed by the Municipalities is reversed, and the cause is remanded with directions to enter a judgment in favor of the Municipalities. The City of Albertville's petition for a writ of mandamus is denied as moot. *Page 614 
WRIT OF MANDAMUS DENIED.
Hooper, C.J., and Maddox, Houston, Cook, See, and Brown,*
JJ., concur.
* Although Justice Brown was not a member of this Court when these cases were orally argued, she has listened to the tape of oral argument.
[1] In its certificate of service, Oliver Wright indicated that it had served a copy of its complaint on the attorney general, pursuant to § 6-6-227, Ala. Code 1975, and Rule 44, Ala. R. App. P. See Ex parte Northport Health Serv., Inc., 682 So.2d 52 (Ala. 1996).