On December 7, 1998, the State of Alabama Department of Revenue (the "Department") entered a "Notice of Final Assessment" against Taft Coal Sales and Associates, Inc. ("Taft"), for its failure to pay taxes pursuant to § 11-51-206, Ala. Code 1975. On January 6, 1999, Taft filed a notice of appeal, pursuant to § 40-2A-7(b)(5), Ala. Code 1975, to the Department's Administrative Law Division. On August 18, 1999, the administrative-law judge entered a final order upholding the assessment and ordering Taft to pay use taxes, penalties, and interest, totaling $79,871.71. Pursuant to § 40-2A-9(g), Ala. Code 1975, Taft appealed the order of the administrative-law judge to the Circuit Court of Montgomery County. On September 18, 2000, the trial court entered a judgment in favor of Taft and set aside the Department's assessment of taxes, penalties, and interest. The Department appealed.
The facts of this case are undisputed, and this court is presented with an issue regarding the correct application of the law to the undisputed facts. Therefore, this court's standard of review is de novo, and no presumption of correctness inures in favor of the trial court. Ex parteGraham, 702 So.2d 1215 (Ala. 1997); Roberts Health Care, Inc. v. StateHealth Planning Dev. Agency, 698 So.2d 106 (Ala. 1997).
Taft is a business located outside the corporate limits of the Town of Oakman ("Oakman"), but within Oakman's police jurisdiction. Pursuant to § 11-51-206, Ala. Code 1975, Oakman enacted a use tax on the use, storage, or consumption of tangible property located within its police jurisdiction but outside its corporate limits. There is no evidence that in enacting its use tax pursuant to § 11-51-206, Oakman attempted to estimate its cost of providing services to the businesses located within its police jurisdiction.
Taft used, stored, or consumed tangible property at its location within Oakman's police jurisdiction. The Department, on behalf of Oakman, issued an assessment against Taft for its failure to pay the use tax imposed pursuant to § 11-51-206. *Page 840 
Taft disputed its liability for the payment of the use tax.
A municipality may collect a business-license tax pursuant to §11-51-91, Ala. Code 1975, from businesses located within its police jurisdiction, but outside its corporate limits, in order to offset the costs of providing municipal services in the police jurisdiction. Exparte City of Leeds, 473 So.2d 1060 (Ala. 1985), overruled on othergrounds, Ex parte City of Robertsdale, 538 So.2d 31 (Ala. 1988), andState Dep't of Rev. v. Reynolds Metals Co., 541 So.2d 524 (Ala. 1988). The total amount of business-license fees charged by a municipality to the businesses in its police jurisdiction may not exceed the costs incurred by the municipality in providing services in its police jurisdiction. § 11-51-91, Ala. Code 1975; State Dep't of Rev. v.Reynolds Metals Co., supra; Ex parte City of Robertsdale, supra. See also § 11-45-1, Ala. Code 1975 (providing that a municipality may enact ordinances to discharge the powers and duties conferred upon it). A municipality may "set a license fee for businesses within its police jurisdiction, but outside its city limits, so that the total receipts from all such licenses do not exceed the amounts estimated to be reasonably necessary to provide these services to the police jurisdiction." State Dep't of Rev. v. Reynolds Metals Co., 541 So.2d at 532.
It is clear that in imposing a business-license tax pursuant to §11-51-91, a municipality must relate that tax to the cost of providing municipal services within its police jurisdiction. § 11-51-91, Ala. Code 1975; § 11-45-1, Ala. Code 1975; Ex parte City of Robertsdale, supra; State Dep't of Rev. v. Reynolds Metals Co., supra. The issue in this appeal is whether a municipality is also required to estimate the cost of services provided within its police jurisdiction before imposing the use tax authorized by § 11-51-206, Ala. Code 1975.
Taft argues that the Department's assessment of the use tax pursuant to § 11-51-206 is invalid because Oakman failed to conduct a study or otherwise estimate its cost of providing services within its police jurisdiction. In support of this argument, Taft cites State Department ofRevenue v. Reynolds Metal Co., supra. The Department, citing City ofHoover v. Oliver Wright Motors, Inc., 730 So.2d 608 (Ala. 1999), argues that an estimate of the cost of services provided within a town's police jurisdiction is not required where the tax is imposed pursuant to §11-51-206, Ala. Code 1975, because, the Department argues, that section provides for a revenue-generating sales or use tax, as opposed to a regulatory business-license tax such as the one imposed by § 11-51-91, Ala. Code 1975.
Before 1969, a municipality could impose a sales or use tax on a business located within its police jurisdiction only pursuant to §11-51-91. City of Hoover v. Oliver Wright Motors, Inc., 730 So.2d at 612. However, because § 11-51-91 is a method of regulation, a fee or tax imposed pursuant to that section may not be imposed for general revenue-raising purposes. Ex parte City of Leeds, supra (overruled on other grounds); State Dep't of Rev. v. Reynolds Metals Co., supra; VanHook v. Selma, 70 Ala. 361, 363 (1881) ("[T]he power to license, if granted as a police power, must be exercised as a means of regulation only, and cannot be used as a source of revenue."). Thus, a municipality may levy a tax pursuant to § 11-51-91 so long as it is not for the purpose of generating revenue.
In 1969, the Alabama legislature enacted § 11-51-206, which authorized the levy of sales and use taxes outside a municipality's corporate limits. §§ 11-51-200, -202, and *Page 841 
-206, Ala. Code 1975; City of Hoover v. Oliver Wright Motors, Inc., supra. See also Ala. Acts 1969, No. 917, statement of legislative intent.
 "The council or other governing body shall have the authority to levy and assess by ordinance within the police jurisdiction of any said city or town all taxes authorized by this article; provided, that said levy and assessment shall not exceed one-half the amount levied and assessed for like businesses, sales, or uses conducted within the corporate limits, fees and penalties excluded."
§ 11-51-206, Ala. Code 1975.
In City of Hoover v. Oliver Wright Motors, Inc., supra, our supreme court discussed a constitutional challenge to the sales tax imposed by § 11-51-206, Ala. Code 1975, as a revenue-generating tax imposed by a municipality. We note that § 11-51-206 also authorizes the imposition of a use tax, so the discussion in City of Hoover v. Oliver WrightMotors, Inc. (holding that the imposition of taxes under § 11-51-206, Ala. Code 1975, is rationally related to a legitimate state interest) is also applicable to this case. See §§ 11-51-202 and -206, Ala. Code 1975; Ala. Acts 1969, No. 917, statement of legislative intent. In Cityof Hoover v. Oliver Wright Motors, Inc., our supreme court concluded that the state may delegate its authority to impose a sales (and a use) tax, and that § 11-51-206 was a revenue-generating provision, as opposed to a regulatory provision under which a municipality might improperly attempt to raise general revenues. 730 So.2d at 612.
In reaching his judgment in favor of the Department, the administrative-law judge concluded:
 "[B]ecause the police-jurisdiction sales and use taxes authorized by § 11-51-206 are not regulatory taxes, but rather are general revenue taxes, § 11-45-1
[and State Dep't of Revenue v. Reynolds Metals Co., supra] do not apply, and there is no rationale for requiring a municipality to estimate the cost of services before levying such a tax."
We agree with the administrative-law judge that the tax imposed by §11-51-206 is not regulatory, but is instead a revenue-generating tax.City of Hoover v. Oliver Wright Motors, Inc., supra. The holding inState Department of Revenue v. Reynolds Metals Co., on which the trial court relied in reversing the order of the administrative-law judge, concerns § 11-51-91, which authorizes a license-fee pursuant to the regulatory powers of a municipality. See § 11-45-1, Ala. Code 1975. That case is not controlling under the facts of this case.
We conclude that because § 11-51-206 allows a revenue-generating tax that does not involve licensing or regulating a business, a municipality, in imposing a tax pursuant to that section, is not required to estimate its cost of services provided within its police jurisdiction. See City of Hoover v. Oliver Wright Motors, Inc., supra. The trial court's judgment is reversed.
REVERSED AND REMANDED.
Yates, P.J., and Crawley, Pittman, and Murdock, JJ., concur.